UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

05 11542 RGS

CHARLES BRETT, BUILDING )
INSPECTOR OF TOWN OF HAMILTON, )

MAGISTRATE JUDGE

       Plaintiff, )

           v. )          No.  RECEIPT #
                         )        AMOUNT $
IRINA V. TEMKINA, )       SUMMONS ISSUED
                         )        LOCAL RULE 4.1
       Defendant. )       WAIVER FORM
                         )        MCF ISSUED
                                    BY DPTY. CLK.

**NOTICE OF REMOVAL** DATE

      To the honorable judges of the United States District Court for the District of
Massachusetts:

      Removing party, IRINA V. TEMKINA, respectfully shows this Court:

      1.    Removing party is the defendant in the above-entitled action.

      2.    On July 6, 2005, the above-entitled action was commenced against

removing party in the Essex County Superior Court, and is pending in that court.

      3.    On July 14, 2005, removing party was served with a summons and

complaint by Certified Mail, Return Receipt Requested, in Simsbury, County of Hartford,

State of Connecticut. This Notice is filed within 30 days after such service.

      4.    The above-entitled action involves citizens of different states, in that, at

the time of commencement of this action in Massachusetts and since that time, plaintiff

was and still is a department of a municipal subdivision of the Commonwealth of

Massachusetts; and defendant was and still is a citizen and resident of the County of New

London, State of Connecticut.

5. The amount in controversy, exclusive of interest and costs, is in excess of $75,000, as more fully appears in the plaintiff's complaint, a copy of which is attached hereto as Exhibit A, filed with this Notice and made a part hereof.

6. This Court therefore has original jurisdiction of the above-entitled action pursuant to 28 USC § 1332, and, since defendant IRINA V. TEMKINA is not a citizen or resident of the Commonwealth of Massachusetts, wherein the above-entitled action is pending, removal of the action to this Court is proper pursuant to 28 USC § 1441(a).

7. Copies of all process, pleadings, and orders served on removing party in the above-entitled action are attached hereto as Exhibits B-E, filed with this Notice and made part hereof.

WHEREFORE, removing party prays that the above-entitled action be removed from the Essex County Superior Court to this Court.

Dated: July 15, 2005

DEFENDANT,

Irina V. Temkina
125 Neck Road
Old Lyme, Connecticut 06371
Tel: (860) 597-3020
E-mail: irina.temkina@uconn.edu

# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                          SUPERIOR COURT DEPARTMENT
                                    OF THE TRIAL COURT
                                    C.A.

|  |  |
|---|---|
| BUILDING INSPECTOR OF HAMILTON, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) |
| IRINA V. TEMKINA, | ) |
| | ) |
| *Defendant.* | ) |

## VERIFIED COMPLAINT

### PARTIES

1.    The Building Inspector for the Town of Hamilton, Charles Brett, has an office at Hamilton Town Hall, 577 Bay Road, Hamilton, Essex County, MA.

2.    Plaintiff is the zoning enforcement officer of the Town of Hamilton under G.L. c. 40A, § 7 and Section VIII.A of the Hamilton zoning by-law.

3.    Irina V. Temkina, on information and belief, resides at 65 Seminary Road, Simsbury, CT.

### JURISDICTION AND VENUE

4.    The court has jurisdiction over this matter and the forms of requested relief pursuant to G.L. c. 40A, § 7, G.L. c. 143, § 57 and G.L. c. 231A, § 1.

5.    Venue is proper in this court pursuant to G.L. c. 214, § 5 and G.L. c. 223, § 8.

6.      Personal jurisdiction over the defendant is proper pursuant to G.L. c. 223A, § 3.

## FACTS

7.      Mrs. Temkina is the owner of record of 521 Bridge Street, Hamilton, Essex County, MA ("the Property").

8.      The Property is located in the R-1B single residential district under the Hamilton zoning by-law.

9.      The structure on the Property consists of a single family, split ranch dwelling with an attached garage.

10.     The Property is serviced by a septic system constructed and approved to support a single family dwelling with 4 bedrooms.

11.     In August, 2004, the Hamilton police responded to a call to the Property for an alleged breach of the peace.

12.     Responding patrolman spoke with Brian Shatford and Dawn Rennicks.

13.     Mr. Shatford informed the police officer that he rented an upstairs apartment separate from a downstairs apartment rented by Ms. Rennicks.

14.     The police officer called Building Inspector Brett to the Property.

15.     Mr. Brett noticed several defects in the Property, including the following:

    a.      an unsecure railing to the second floor apartment;

    b.      a blocked means of egress;

    c.      inoperative smoke detectors;

       d.     defective plumbing causing an interruption in the water supply to the tenants;

       e.     an excessive number of bedrooms for the septic system;

       f.     no anti-scald valve in the upstairs apartment;

       g.     no GFI outlets in bathrooms, with a hole cut in the wall next to the outlet in the second floor bathroom.

16.     In his several visits to the Property, Mr. Brett has observed three or bedrooms, a kitchen, a bathroom, a living room and a fireplace in the upstairs apartment and a kitchen, a bedroom, a bathroom, a living room and a fireplace in the downstairs apartment.

17.     By letter dated August 19, 2004, Mr. Brett informed the defendant of each of the matters observed as set forth in the preceding paragraph, and notified her that she was operating an illegal second apartment without a special permit from the Zoning Board of Appeals. A copy of this letter is attached as Exhibit A.

18.     In October, 2004, the police once again responded to a call to the Property.

19.     The responding officer talked with two tenants of the Property who complained that the Property had no water service.

20.     The tenants informed the responding officer that defendant's son, Elliot Temkin, had been at the Property with a plumber to repair a water leak shortly before the water service was interrupted.

21.     In February, 2005, Mr. Temkin inquired of the Building Department for a second electric meter to be installed at the Property.

22.    Mr. Temkin was informed by the Building Department that the Property was not a legal 2 family dwelling and that a second electric meter would not be allowed.

23.    Mr. Temkin informed the Building Department that he and defendant Temkina were unaware that there were two families living in the Property.

24.    Mr. Temkin informed the Building Department that he would apply for the necessary permits to correct the items identified in the August 19, 2004, letter of the Building Inspector.

25.    In March, 2005, defendants placed an advertisement in the Salem News newspaper advertising for rent a 3 bedroom apartment at the Property.

26.    On or about February 27, 2005, defendant Temkina executed a lease with Sean and Rhonda Baker for a one year term for "leased premises consist[ing] of a 4 Bedroom residential unit, located 521 Bridge Street, upper level, South Hamilton, Massachusetts 01982." A copy of this lease is attached as Exhibit B.

27.    On or about April 4, 2005, defendant Temkina executed a lease with Matthew Carter for a term terminable by either party on sixty days notice for leased premises "located at 521 Bridge Street, lower level, South Hamilton, Massachusetts 01982." A copy of this lease is attached as Exhibit C.

28.    Attached as Exhibit D are photographs of the separate apartments as resided in by the Bakers and Mr. Carter.

29.    The upper level apartment is accessible only by climbing dangerously corroded brick stairs in the front of the Property, shown in the photographs attached as Exhibit D hereto. While there is a doorway from the upper level to the back of the residence, the door is locked and the defendant has not provided the Bakers with the key.

30.    The lower level apartment is accessible only through the rear of the Property. While the front door opens to a stairway that leads down to the lower level apartment, that doorway has been nailed shut so that it cannot be used.

31.    By letter dated May 19, 2005, sent to defendant and her son by certified mail, return receipt requested, plaintiff again notified defendant that the Property was being leased as two separate dwelling units in violation of the Hamilton zoning by-law and that the building code violations had not been corrected.

## COUNT I – VIOLATION OF HAMILTON ZONING BY-LAW

32.    Plaintiff incorporates his allegations of paragraphs 1-31 as if set forth in full herein.

33.    The rental of the Property as two separate dwellings without a special permit by the Zoning Board of Appeals does not conform to the uses permitted in the R-1B residential district of the Hamilton zoning by-law.

34.    As the owner of the Property, defendant Temkina knew or should have known that leases of the Property as two separate units each with their own separate cooking facilities was a violation of the Hamilton zoning by-law.

35.    In the August 19, 2004, letter, plaintiff issued a Cease & Desist Order to defendant to cease leasing to two separate families in violation of the Hamilton zoning by-law.

36.    Defendant Temkina executed separate leases for rental of the Property after she was given actual notice by the plaintiff that such rental was in violation of the Hamilton zoning by-law.

37.     It is likely that defendant will continue to rent the upper and lower levels of the Property as two separate dwelling units until she is enjoined from doing so.

38.     Section VIII.G of the Hamilton zoning by-law provides for a fine of up to $100 per day for each day any provision of the by-law is violated.

39.     Defendant Temkina is liable for fines for each day she leased the Property to two separate families of tenants in violation of the Hamilton zoning by-law.

40.     Plaintiff is entitled to preliminary and permanent injunctive relief enjoining defendant from leasing the Property to more than one family.

## COUNT II – VIOLATION OF STATE BUILDING CODE

41.     Plaintiff incorporates his allegations of paragraphs 1-40 as if set forth in full herein.

42.     Defendant has not applied for any permits to repair any of the building defects identified in the August 19, 2004, letter.

43.     The defects set forth in the August 19, 2004, letter constitute violations of the state building code.

44.     Plaintiff is empowered with the authority to enforce the provisions of the state building code.  G.L. c. 143, § 3; 780 C.M.R.106.1.

45.     Plaintiff is entitled to preliminary and permanent injunctive relief enjoining defendant from continuing to use or lease the Property while violations of the state building code remain uncorrected.

46.     Defendant has failed and refused to correct or abate the Property's violations of the state building code, even after she was placed on notice by the plaintiff of the nature of the violations.

47.     Defendant's inaction to correct or abate the violations of the state building code is willful and knowing.

48.     Defendant is liable for a fine of up to $1,000 per violation for each day that she permitted the violations of the state building code to continue.

        WHEREFORE, Plaintiff respectfully requests the following relief:

1.      Issuance of a preliminary and permanent injunction prohibiting defendant from leasing the Property to more than one family;

2.      A declaration that the leases of the Property to two families is in violation of the Hamilton zoning by-law;

3.      An award of fines of $100 per day for violation of the Hamilton zoning by-law;

4.      Issuance of a preliminary and permanent injunction ordering defendant to correct and abate the violations of the state building code on the Property;

5.      A declaration that the Property defects are in violation of the state building code;

6.      An award of fines of $1,000 per day for each violation of the state building code; and

7.      Such other and further relief as this Court deems appropriate.

- 8 -

Dated: June 5, 2005

Respectfully submitted,
BUILDING INSPECTOR OF HAMILTON,
By his attorney,

Donna Brewer MacKenna
Town Counsel
BBO No. 545254
Casner & Edwards, LLP
303 Congress Street
Boston, MA 02210
(617) 426-5900

## VERIFICATION

I, Charles Brett, Building Inspector for the Town of Hamilton, do hereby declare under the penalties of perjury that I have read the foregoing Verified Complaint, that I have personal knowledge of the facts alleged therein and they are true.

Date: June 30, 2005

6134.22/354857

# EXHIBIT A



**Town of Hamilton**
**Building Department**
**577 Bay Road**
**Hamilton, MA  01982**
**978-468-5585**



## CERTIFIED MAIL –  RETURN RECEIPT REQUESTED

August 19, 2004

Elliot Temkin
Irina Temkina
50 Waterside Lane
West Hartford, Ct  06107

Dear Sir/Madam:

Please be advised that the property located at 521 Bridge Street, Hamilton, MA., is in violation
of several by-law and life safety codes:

Some of which include:

> Means of Egress (Blocked)
> Smoke Detectors
> Water Supply
> Electrical Violations
> Hand Rails by Main Egress
> Number of Bedrooms exceeds Title V System
> Illegal Apartment, No Special Permit Obtained from Zoning Board of Appeals
> No Anti-Scald Valve in Upstairs Apartment
> No GFI Outlets in Bathrooms with Hole Cut in Wall Next to Outlet
> Non Payment of Municipal Tax and Water Bills

It is my intention as Zoning Enforcement Officer and Building Inspector to issue a **CEASE &
DESIST** order, and to have the **premises vacated by next Tuesday, August 24, 2004.** I have
advised your tenants to withhold payment of rent until this matter is concluded.

Contact this office immediately so that these unsafe conditions can be corrected.

Regards,

*Charles Brett*

Charles Brett
Inspector of Buildings
Zoning Enforcement Officer

Cc:    Board of Health
        Fire Department
        Police Department
        Board of Selectmen
        Zoning Board of Appeals

**Enclosures**

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Elliot Temkin
Irina Temkina
50 Waterside Ln.
West Hartford, CT
    06107

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____ ☐ Agent
                            ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)             ☐ Yes

2. Article Number
   (Transfer from service label)

7002 3150 0000 7104 6572

PS Form 3811, August 2001          Domestic Return Receipt          102595-02-M-1540



U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

WEST HARTFORD, CT 06107

| | |
|---|---|
| Postage | $ .60 |
| Certified Fee | 2.30 |
| Return Receipt Fee (Endorsement Required) | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $4.65 |

UNIT ID: 0936

Postmark
Here

Clerk: XJSXJQ

08/19/04

Sent To Elliot Temkin & Irina Temkina
Street, Apt. No.; or PO Box No. 50 Waterside Ln.
City, State, ZIP+4 W. Hartford, CT 06107

PS Form 3800, June 2002          See Reverse for Instructions

7002 3150 0000 7104 6572

# ORDER OF NOTICE
*Commonwealth of Massachusetts*

**To:** Tiomkin, Elliot

**Owner / Occupant:** Shatfield, Brian (occupant)

**Address:** 521 Bridge Street

**City / Town:**   Hamilton              **State:** MA      **Zip:** 1982

**Telephone:**

**Date of Birth:**                **Soc. Sec. Number:**

**Mail Address:** 5 Newton Rd

**City / Town:**   Gloucester           **State:** MA      **Zip:** 1930

**Liscence / Permit, Type & Number:**


**Inspection of the above site on :**   08/18/04
**Located at:**  521 Bridge Street


**Reveals a violation of fire laws as herein specified:** MGL CHAP. 148 Sec. 26E

Section 26E. (a) In any city or town which accepts this subsection, one and two
family dwellings occupied in whole or in part for residential purposes and not
regulated by section twenty-six A or twenty-six B shall be equipped with
approved smoke detectors

In accordance with Massachusetts General Laws (MGL), (Terr. Ed. as amended) Chapter 148, sections 9, 10, 10B, 15, 38D, 38E, 38G, 38H, and Board of Fire Prevention regulation, 527 CMR Code of Massachusetts Regulation (as amended),

You are hereby ordered to abate or correct the conditions enumerated above on or before

Date: 08/19/2004

Ordered By:

_____    **Deputy Chief**
Signature Head of Fire Department or Designee    Title

Hamilton
Fire Department

## Executed By:

**Daniel E. Parsons**    **Deputy Chief**
Head of Fire Department or Designee    Title

Hamilton
Fire Department

This notice of violation served on:  **08/19/04**

By:  **Daniel E. Parsons**    , an officer delegated by the Head of the Fire Department in accordance with the provisions of MGL Chapter 148, Sections 4 and 5.

Reply to the  Hamilton  Fire department

Tel. Number: 508-468-5558    Reference No:    521bridgenot

```
            Humilton Police Department                    Page: 1
          NARRATIVE FOR PATROLMAN ARTHUR P HATFIELD       08/19/2004
          Ref: 04HAM-471-OF

     Entered: 08/18/2004 @ 2211        Entry ID: APH
     Modified: 08/19/2004 @ 0031      Modified ID: APH
```

On 08-18-04 at approx. 1721 hrs., I responded to 521 Bridge St. to prevent a breach of the peace between tenants, that water was leaking in the house and that the water dept. was enroute. Upon arrival, I found Brian Shatford at the front door to his apartment. He advised me that the water in his apartment's bathroom would not shut off. He further stated that the only shut off was in the down stairs apartment and that he and that tenant did not speak so he wanted an officer to have her turn off the water. I spoke with Dawn Rennicks in the first floor apt. and advised her that she needed to turn off the water. She stated that the water was leaking from upstairs into her kitchen. I advised her that was why we needed to turn off the water, that there was a problem with the second floor tenants bath tub. Dawn showed me where the shut off was and the water was turned off. A short time later, I was informed by Brian that the Hamilton Water Dept. had been to the house earlier and had turned the water main off in the first floor apartment. Dawn had come home and noted no water so turned the main back on.

I noted the railing on the steps to the second floor apartment was not secure. A hazard to anyone using the stairs. I requested Control call the building inspector and if he was available, for him to respond to 521 Bridge St. Approx. 20 mins later, Charlie Brett arrived on scene. We were allowed to enter the first floor apartment to check the water main. While there we noted water dripping from the kitchen ceiling. We further noted three bedrooms, a kitchen, a bathroom and a living room. We further observed a door taped shut and locked leading to the stairway, thus a blocked exit. Mr. Brett advised me that that the house was a single family dwelling and that it was a zoning violation for the owner to be renting it as a two family. Upon further inspection, we noted the smoke detectors were not functioning, that a hole had been cut into a wall in the second floor bathroom to access the plumbing for the shower and that it was close to the electrical outlet and it was possible for a child or adult to grab hold of the electrical wiring. The outlet was not ground faulted either and was next to a sink.

Chief Philip Stevens was advised of the situation and responded. He inspected the home for fire egress and checked the smoke detectors. The batteries had been removed by the tenants.

A call was placed to Electrical Inspector Bob Brown. He was advised of the situation and will follow up 08-19-04.

Water Superintendent Dave Dolan arrived on scene. He was able to repair the plumbing enough so that the tenants could have the water back on for the night.

All inspectors will be filing the appropriate paperwork with the landlord to have the home return to its legal status.

# EXHIBIT B

Attn: Deb Hildreth

## SINGLE FAMILY DWELLING LEASE

### I. PARTIES TO AGREEMENT

Irina V. Temkina, located at 65 Seminary Road, Simsbury, Connecticut 06070 referred to herein as LANDLORD, and Sean and Rhonda Baker, referred to herein as TENANT, in consideration of mutual promises, obligations and agreements herein set forth, agree as follows:

### II. LEASED PREMISES

The leased premises consist of a 4 Bedroom residential unit, located at 521 Bridge Street, upper level, South Hamilton, Massachusetts 01982.

### III. TERM

The lease shall be for a term of one year, beginning on March 1, 2005 and ending on February 28, 2006. The beginning and ending dates of the tenancy are subject to change by mutual consent of both parties to this agreement.

At the end of the lease period, this tenancy shall become a tenancy at will. After February 28, 2006, this tenancy may be terminated by either party with sixty days notice.

### IV. RENT AND DEPOSITS

A. TENANT agrees to pay rent to LANDLORD at the rate of $1740 (one thousand seven hundred forty dollars) per month on the 1st day of every month in advance and without demand or setoff as long as this lease is in force and effect. If the occupancy includes a partial month, the rent for the month will be pro-rated proportionally. All rent shall be paid to LANDLORD by check mailed to the address of LANDLORD as set forth above.

B. TENANT shall provide a security deposit consisting of $1500 (one thousand five hundred dollars). Such deposit will be held and returned to TENANT in accordance with the provisions of Massachusetts law.

### V. TERMS AND CONDITIONS

A. TENANT shall keep leased premises in clean condition. TENANT shall be responsible for the proper storage and ultimate collection of all garbage and rubbish. TENANT shall not permit the leased premises to be overloaded, damaged, stripped or defaced.

B. If the TENANT intends to keep any animals or pets upon the premises, he shall obtain LANDLORD's prior consent. Consent is presently given for one dog to be kept on the premises. The TENANT remains responsible for any damage brought about by any pets.

C. Smoking is not permitted inside the property.

7520840_4

D. TENANT shall be responsible for normal ground maintenance during the term of this lease. Without limiting the generality of the foregoing language, TENANT shall promptly remove snow and ice from the driveway, walks and steps of the leased premises, and shall keep the lawn and all shrubbery neatly trimmed, healthy and of good appearance.

E. TENANT shall pay for the following utilities: heat, electricity, hot water, and cooking. LANDLORD shall pay for the following utilities: water, sewer, trash collection. LANDLORD will also provide a range, a refrigerator, a dishwasher and a garbage disposal. During the term of the tenancy, LANDLORD may, at her discretion, commence paying for the following utilities: heat, electricity, hot water, and cooking. Should the LANDLORD exercise her option to put these utilities in her name, the TENANT will pay the LANDLORD an additional $187 (one hundred eighty seven dollars), or then-current Housing Assistance Utility Allowance, whichever is less, per month in rent.

F. TENANT understands and agrees that it shall be their obligation to insure their personal property.

G. TENANT shall not make or permit any use of the leased premises which will be unlawful, improper or contrary to any applicable law or municipal ordinance.

H. TENANT shall not make additions or alterations to the leased premises without the prior written consent of LANDLORD.

I. TENANT shall permit LANDLORD (or his authorized representative) to enter the leased premises during the term of the lease to inspect the same, to make repairs thereto, to show the same to perspective tenants or purchasers, or if the premises appear to be abandoned by TENANT. Whereever possible, TENANT shall be informed in advance of any proposed entry hereunder.

J. Locks shall not be changed, altered or replaced nor shall new locks be added without the written permission of LANDLORD. Any locks so permitted to be installed shall become property of LANDLORD and shall not be removed by TENANT. TENANT shall promptly give a duplicate key to any such changed, altered, replaced or new lock to LANDLORD. Upon termination of lease, TENANT shall deliver all keys to the leased premises to LANDLORD.

K. TENANT shall keep, maintain and surrender upon termination of lease the leased premises and all equipment, furniture and fixtures thereon repaired, whole and of the same kind, quality and description and in such good repair, order and condition as the same are at the beginning of the term of this lease, reasonable and ordinary wear and tear and damage by fire or other unavoidable casualty excepted. If TENANT fails within a reasonable time (or by the termination of lease, whichever is earlier) to make such repairs or makes them improperly, LANDLORD may (but shall not be obligated to) make such repairs and TENANT shall reimburse LANDLORD for the reasonable cost of such repairs in full.

L. LANDLORD shall be obligated to make repairs to the premises only if an applicable state or federal law or municipal ordinance (including zoning, building or sanitary statutes, codes, rules or regulations) requires such repairs. This obligation is contingent upon proper notification of the LANDLORD. If such repairs are required due to damage, loss or removal of any part of the premises and such damage, loss or removal occurs during the term of this lease, reasonable and ordinary wear and tear and damage by fire or other unavoidable casualty excepted, TENANT shall reimburse LANDLORD for the reasonable cost of such repairs in full. TENANT has inspected the leased premises and, with the exception of the preceding statements in this paragraph, accepts the premises in As-Is condition. However, LANDLORD may elect to make any repairs he deems necessary.

## VI. LEASE TERMINATION

A. TENANT may not elect to terminate this lease unless LANDLORD and TENANT sign a mutual termination agreement. LANDLORD may not elect to terminate this lease unless a mutual termination agreement is signed or TENANT defaults. The taking of the property by eminent domain and substantial damage by fire or other casualty may also result in the termination of this lease.

B. If the LANDLORD AND TENANT so agree, they may terminate the lease through a mutual termination agreement. Nothing shall require either party to consent to such an agreement. However, any such agreement must include a just pro-ration of the rent proportionate to the possession of the premises by the TENANT.

C. If the TENANT shall fail to comply with any lawful term, condition, covenant, obligation or agreement expressed herein or implied hereunder, or if the leased premises appear to be abandoned, the LANDLORD may terminate this lease by:

-a 14 day written notice to TENANT upon the neglect or refusal of TENANT to pay rent as herein provided.

-a 30 day written notice to TENANT in case of any breach except for non-payment of rent.

In case of any termination of this lease, by reason of TENANT default, TENANT shall forthwith pay all rent, accrued but unpaid prior to lease termination.

D. If the leased premises or any part thereof shall be taken for any purpose by the exercise of the power of eminent domain or condemnation, this lease shall terminate. The lease termination shall be effective as of the date the TENANT is required by the proper local, state or federal taking authority to vacate the leased premises or any part thereof. In case of any such taking, a just pro-ration of the rent proportionate to the possession of the premises by the TENANT will be made.

E. Should a substantial portion of the premises be substantially damaged by fire or other casualty and the leased premises or any part thereof be declared unfit for use and occupancy, this lease shall terminate. The lease termination shall be effective as of the date the leased premises or any part thereof are declared unfit for use and occupancy by a proper local, state or federal authority. In case of any such casualty, a just pro-ration of the rent proportionate to the possession of the premises by the TENANT will be made.

## VII. OTHER CONDITIONS

A. TENANT shall indemnify LANDLORD against all liabilities, damages and other expenses, including reasonable attorney's fees, which may be imposed upon, incurred by, or asserted against LANDLORD by reason of (a) any failure on the part of the TENANT to perform or comply with any covenant required to be performed or complied with by TENANT under this lease, or (b) any injury to person or loss of or damage to property sustained or occurring on the leased premises on account of or based upon the act, omission, fault, negligence or misconduct of any person whomsoever other than LANDLORD.

B. Formal notices shall be deemed to have been properly given if mailed by registered or certified mail, postage prepaid, return receipt requested, or if delivered by hand; (a) in the case of LANDLORD, to the address set forth in Section I; and (b) in the case of TENANT, at the leased premises. Notwithstanding the foregoing, notice by either party to the other shall be deemed adequate if given in any other manner provided or recognized by law.

C. The waiver of one breach of any term, condition, covenant, obligation or agreement of this lease shall not be considered to be a waiver of that or any other term, condition, covenant, obligation or agreement or of any subsequent breach thereof.

D. If any provision of this lease or portion of such provision or the application thereof to any person or circumstance is held invalid, the remainder of the lease (or the remainder of such provision) and the application thereof to other persons or circumstances shall not be affected thereby.

E. This lease shall be subject to Section 8 Rules and the HAP Contract provisions

Executed as an instrument under seal on February 27 , 2005.

X _____

LANDLORD, IRINA V. TEMKINA,

X _____

TENANT, RHONDA BAKER

X _____

TENANT, SEAN BAKER

The security deposit will payable as follows.
$500 — Within two weeks of occupancy.
$100 — monthly beginning 3/1.
TENANT will endeavor to pay the deposit as soon as possible. The above payment plan reflects minimum amounts. RB SB

# EXHIBIT C

TENANCY AGREEMENT

## I. PARTIES TO AGREEMENT

Irina V. Temkina, located at 65 Seminary Road, Simsbury, Connecticut 06070 referred to herein as LANDLORD, and Matthew ▨▨▨ referred to herein as TENANT, in consideration of mutual promises, obligations and agreements herein set forth, agree as follows:

## II. PREMISES

The premises are located at 521 Bridge Street, lower level, South Hamilton, Massachusetts 01982.

## III. TERM

This tenancy begins on April 4, 2005 until it is terminated by either party with sixty days notice.

## IV. RENT AND DEPOSITS

A. TENANT agrees to pay rent to LANDLORD at the rate of $1000 (one thousand dollars) per month on the 4th day of every month in advance and without demand or setoff as long as this tenancy is in force and effect. If the occupancy includes a partial month, the rent for the month will be pro-rated proportionally. All rent shall be paid to LANDLORD by check mailed to the address of LANDLORD as set forth above.

B. TENANT shall provide a security deposit consisting of $1000 (one thousand dollars). Such deposit will be held and returned to TENANT in accordance with the provisions of Massachusetts law.

C. TENANT shall provide a last month's rent deposit consisting of $1000 (one thousand dollars). Such deposit will be held and applied to the last month of occupancy in accordance with the provisions of Massachusetts law.

## V. TERMS AND CONDITIONS

A. TENANT shall keep premises in clean condition. TENANT shall be responsible for the proper storage and ultimate collection of all garbage and rubbish. TENANT shall not permit the premises to be overloaded, damaged, stripped or defaced.

B. Smoking is not permitted on the premises.

C. TENANT shall be responsible for normal ground maintenance during the term of this tenancy. Without limiting the generality of the foregoing language, TENANT shall promptly remove snow and ice from the driveway, walks and steps of the premises, and shall keep the lawn and all shrubbery neatly trimmed, healthy and of good appearance.

D. TENANT shall pay for the following utilities: heat, electricity, hot water. LANDLORD shall pay for the following utilities: water, sewer, trash collection. During the term of the tenancy, LANDLORD may, at her discretion, commence paying for the following utilities: heat, electricity, hot water ▨▨▨▨▨▨. Should the LANDLORD exercise her option to put these utilities in her name, the TENANT will pay the LANDLORD an additional $187 (one hundred eighty seven dollars) per month in rent.

E. TENANT shall not make add: is or alterations to the premises withou.. the prior written consent of LANDLORD.

F. TENANT shall permit LANDLORD (or his authorized representative) to enter the premises during the term of the tenancy to inspect the same, to make repairs thereto, to show the same to perspective tenants or purchasers, or if the premises appear to be abandoned by TENANT. Whereever possible, TENANT shall be informed in advance of any proposed entry hereunder.

G. Locks shall not be changed, altered or replaced nor shall new locks be added without the written permission of LANDLORD. Any locks so permitted to be installed shall become property of LANDLORD and shall not be removed by TENANT. TENANT shall promptly give a duplicate key to any such changed, altered, replaced or new lock to LANDLORD. Upon termination of tenancy, TENANT shall deliver all keys to the premises to LANDLORD.

H. TENANT shall keep, maintain and surrender upon termination of tenancy the premises and all equipment, furniture and fixtures thereon repaired, whole and of the same kind, quality and description and in such good repair, order and condition as the same are at the beginning of the term of this tenancy, reasonable and ordinary wear and tear and damage by fire or other unavoidable casualty excepted. If TENANT fails within a reasonable time (or by the termination of tenancy, whichever is earlier) to make such repairs or makes them improperly, LANDLORD may (but shall not be obligated to) make such repairs and TENANT shall reimburse LANDLORD for the reasonable cost of such repairs in full.

I. LANDLORD shall be obligated to make repairs to the premises only if an applicable state or federal law or municipal ordinance (including zoning, building or sanitary statutes, codes, rules or regulations) requires such repairs. This obligation is contingent upon proper notification of the LANDLORD. If such repairs are required due to damage, loss or removal of any part of the premises and such damage, loss or removal occurs during the term of this tenancy, reasonable and ordinary wear and tear and damage by fire or other unavoidable casualty excepted, TENANT shall reimburse LANDLORD for the reasonable cost of such repairs in full. TENANT has inspected the premises and, with the exception of the preceding statements in this paragraph, accepts the premises in As-Is condition. However, LANDLORD may elect to make any repairs he deems necessary.

J. TENANT is permitted to maintain a workshop on the premises, and in the shed unattached to the premises.

## VI. TERMINATION OF TENANCY

A. If the TENANT shall fail to comply with any lawful term, condition, covenant, obligation or agreement expressed herein or implied hereunder, or if the premises appear to be abondoned, the LANDLORD may terminate this tenancy by:

    -a 14 day written notice to TENANT upon the neglect or refusal of TENANT to pay rent    as herein provided.

    -a 30 day written notice to TENANT in case of any breach except for non-payment of rent.

In case of any termination of this tenancy, by reason of TENANT default, TENANT shall forthwith pay all rent, accrued but unpaid prior to tenancy termination.

B. If the premises or any part th  of shall be taken for any purpose by ti  exercise of the power of eminent domain or condemnation, this tenancy shall terminate. The termination shall be effective as of the date the TENANT is required by the proper local, state or federal taking authority to vacate the premises or any part thereof. In case of any such taking, a just pro-ration of the rent proportionate to the possession of the premises by the TENANT will be made.

C. Should a substantial portion of the premises be substantially damaged by fire or other casualty and the premises or any part thereof be declared unfit for use and occupancy, this tenancy shall terminate. The tenancy termination shall be effective as of the date the premises or any part thereof are declared unfit for use and occupancy by a proper local, state or federal authority.

In case of any such casualty, a just pro-ration of the rent proportionate to the possession of the premises by the TENANT will be made.

## VII. OTHER CONDITIONS

A. TENANT shall indemnify LANDLORD against all liabilities, damages and other expenses, including reasonable attorney's fees, which may be imposed upon, incurred by, or asserted against LANDLORD by reason of (a) any failure on the part of the TENANT to perform or comply with any covenant required to be performed or complied with by TENANT under this tenancy, or (b) any injury to person or loss of or damage to property sustained or occurring on the premises on account of or based upon the act, omission, fault, negligence or misconduct of any person whomsoever other than LANDLORD.

B. Formal notices shall be deemed to have been properly given if mailed by registered or certified mail, postage prepaid, return receipt requested, or if delivered by hand; (a) in the case of LANDLORD, to the address set forth in Section I; and (b) in the case of TENANT, at the premises. Notwithstanding the foregoing, notice by either party to the other shall be deemed adequate if given in any other manner provided or recognized by law.

C. The waiver of one breach of any term, condition, covenant, obligation or agreement of this tenancy shall not be considered to be a waiver of that or any other term, condition, covenant, obligation or agreement or of any subsequent breach thereof.

D. If any provision of this tenancy or portion of such provision or the application thereof to any person or circumstance is held invalid, the remainder of the tenancy (or the remainder of such provision) and the application thereof to other persons or circumstances shall not be affected thereby.

Executed as an instrument under seal on __4 | 4_____2005.

X _____

LANDLORD, IRINA V. TEMKINA,

X _____

TENANT, MATTHEW BAKER

- acknowledges receipt of $1000 security deposit,
  a check postdated to 8/31/05 for the
  1st month's deposit and the security deposit.

# EXHIBIT D

























COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                              SUPERIOR COURT DEPARTMENT
                                       OF THE TRIAL COURT
                                       C.A.

_____
                                        )
BUILDING INSPECTOR OF HAMILTON,         )
                                        )
            *Plaintiff*,                )
                                        )
      v.                                )
IRINA V. TEMKINA,                       )
                                        )
            *Defendant.*                )
_____)

## VERIFIED COMPLAINT

### PARTIES

1.    The Building Inspector for the Town of Hamilton, Charles Brett, has an office at Hamilton Town Hall, 577 Bay Road, Hamilton, Essex County, MA.

2.    Plaintiff is the zoning enforcement officer of the Town of Hamilton under G.L. c. 40A, § 7 and Section VIII.A of the Hamilton zoning by-law.

3.    Irina V. Temkina, on information and belief, resides at 65 Seminary Road, Simsbury, CT.

### JURISDICTION AND VENUE

4.    The court has jurisdiction over this matter and the forms of requested relief pursuant to G.L. c. 40A, § 7, G.L. c. 143, § 57 and G.L. c. 231A, § 1.

5.    Venue is proper in this court pursuant to G.L. c. 214, § 5 and G.L. c. 223, § 8.

6.      Personal jurisdiction over the defendant is proper pursuant to G.L. c. 223A, § 3.

## FACTS

7.      Mrs. Temkina is the owner of record of 521 Bridge Street, Hamilton, Essex County, MA ("the Property").

8.      The Property is located in the R-1B single residential district under the Hamilton zoning by-law.

9.      The structure on the Property consists of a single family, split ranch dwelling with an attached garage.

10.     The Property is serviced by a septic system constructed and approved to support a single family dwelling with 4 bedrooms.

11.     In August, 2004, the Hamilton police responded to a call to the Property for an alleged breach of the peace.

12.     Responding patrolman spoke with Brian Shatford and Dawn Rennicks.

13.     Mr. Shatford informed the police officer that he rented an upstairs apartment separate from a downstairs apartment rented by Ms. Rennicks.

14.     The police officer called Building Inspector Brett to the Property.

15.     Mr. Brett noticed several defects in the Property, including the following:

   a.      an unsecure railing to the second floor apartment;

   b.      a blocked means of egress;

   c.      inoperative smoke detectors;

    d.       defective plumbing causing an interruption in the water supply to the tenants;

    e.       an excessive number of bedrooms for the septic system;

    f.       no anti-scald valve in the upstairs apartment;

    g.       no GFI outlets in bathrooms, with a hole cut in the wall next to the outlet in the second floor bathroom.

16.     In his several visits to the Property, Mr. Brett has observed three or bedrooms, a kitchen, a bathroom, a living room and a fireplace in the upstairs apartment and a kitchen, a bedroom, a bathroom, a living room and a fireplace in the downstairs apartment.

17.     By letter dated August 19, 2004, Mr. Brett informed the defendant of each of the matters observed as set forth in the preceding paragraph, and notified her that she was operating an illegal second apartment without a special permit from the Zoning Board of Appeals. A copy of this letter is attached as Exhibit A.

18.     In October, 2004, the police once again responded to a call to the Property.

19.     The responding officer talked with two tenants of the Property who complained that the Property had no water service.

20.     The tenants informed the responding officer that defendant's son, Elliot Temkin, had been at the Property with a plumber to repair a water leak shortly before the water service was interrupted.

21.     In February, 2005, Mr. Temkin inquired of the Building Department for a second electric meter to be installed at the Property.

22.     Mr. Temkin was informed by the Building Department that the Property was not a legal 2 family dwelling and that a second electric meter would not be allowed.

23.     Mr. Temkin informed the Building Department that he and defendant Temkina were unaware that there were two families living in the Property.

24.     Mr. Temkin informed the Building Department that he would apply for the necessary permits to correct the items identified in the August 19, 2004, letter of the Building Inspector.

25.     In March, 2005, defendants placed an advertisement in the Salem News newspaper advertising for rent a 3 bedroom apartment at the Property.

26.     On or about February 27, 2005, defendant Temkina executed a lease with Sean and Rhonda Baker for a one year term for "leased premises consist[ing] of a 4 Bedroom residential unit, located 521 Bridge Street, upper level, South Hamilton, Massachusetts 01982." A copy of this lease is attached as Exhibit B.

27.     On or about April 4, 2005, defendant Temkina executed a lease with Matthew Carter for a term terminable by either party on sixty days notice for leased premises "located at 521 Bridge Street, lower level, South Hamilton, Massachusetts 01982." A copy of this lease is attached as Exhibit C.

28.     Attached as Exhibit D are photographs of the separate apartments as resided in by the Bakers and Mr. Carter.

29.     The upper level apartment is accessible only by climbing dangerously corroded brick stairs in the front of the Property, shown in the photographs attached as Exhibit D hereto. While there is a doorway from the upper level to the back of the residence, the door is locked and the defendant has not provided the Bakers with the key.

30.     The lower level apartment is accessible only through the rear of the Property. While the front door opens to a stairway that leads down to the lower level apartment, that doorway has been nailed shut so that it cannot be used.

31.     By letter dated May 19, 2005, sent to defendant and her son by certified mail, return receipt requested, plaintiff again notified defendant that the Property was being leased as two separate dwelling units in violation of the Hamilton zoning by-law and that the building code violations had not been corrected.

## COUNT I – VIOLATION OF HAMILTON ZONING BY-LAW

32.     Plaintiff incorporates his allegations of paragraphs 1-31 as if set forth in full herein.

33.     The rental of the Property as two separate dwellings without a special permit by the Zoning Board of Appeals does not conform to the uses permitted in the R-1B residential district of the Hamilton zoning by-law.

34.     As the owner of the Property, defendant Temkina knew or should have known that leases of the Property as two separate units each with their own separate cooking facilities was a violation of the Hamilton zoning by-law.

35.     In the August 19, 2004, letter, plaintiff issued a Cease & Desist Order to defendant to cease leasing to two separate families in violation of the Hamilton zoning by-law.

36.     Defendant Temkina executed separate leases for rental of the Property after she was given actual notice by the plaintiff that such rental was in violation of the Hamilton zoning by-law.

37.     It is likely that defendant will continue to rent the upper and lower levels of the Property as two separate dwelling units until she is enjoined from doing so.

38.     Section VIII.G of the Hamilton zoning by-law provides for a fine of up to $100 per day for each day any provision of the by-law is violated.

39.     Defendant Temkina is liable for fines for each day she leased the Property to two separate families of tenants in violation of the Hamilton zoning by-law.

40.     Plaintiff is entitled to preliminary and permanent injunctive relief enjoining defendant from leasing the Property to more than one family.

## COUNT II – VIOLATION OF STATE BUILDING CODE

41.     Plaintiff incorporates his allegations of paragraphs 1-40 as if set forth in full herein.

42.     Defendant has not applied for any permits to repair any of the building defects identified in the August 19, 2004, letter.

43.     The defects set forth in the August 19, 2004, letter constitute violations of the state building code.

44.     Plaintiff is empowered with the authority to enforce the provisions of the state building code.  G.L. c. 143, § 3; 780 C.M.R.106.1.

45.     Plaintiff is entitled to preliminary and permanent injunctive relief enjoining defendant from continuing to use or lease the Property while violations of the state building code remain uncorrected.

46.     Defendant has failed and refused to correct or abate the Property's violations of the state building code, even after she was placed on notice by the plaintiff of the nature of the violations.

47.     Defendant's inaction to correct or abate the violations of the state building code is willful and knowing.

48.     Defendant is liable for a fine of up to $1,000 per violation for each day that she permitted the violations of the state building code to continue.

WHEREFORE, Plaintiff respectfully requests the following relief:

1.     Issuance of a preliminary and permanent injunction prohibiting defendant from leasing the Property to more than one family;

2.     A declaration that the leases of the Property to two families is in violation of the Hamilton zoning by-law;

3.     An award of fines of $100 per day for violation of the Hamilton zoning by-law;

4.     Issuance of a preliminary and permanent injunction ordering defendant to correct and abate the violations of the state building code on the Property;

5.     A declaration that the Property defects are in violation of the state building code;

6.     An award of fines of $1,000 per day for each violation of the state building code; and

7.     Such other and further relief as this Court deems appropriate.

- 8 -

Dated: June 5 , 2005

Respectfully submitted,
BUILDING INSPECTOR OF HAMILTON,
By his attorney,

Donna Brewer MacKenna
Town Counsel
BBO No. 545254
Casner & Edwards, LLP
303 Congress Street
Boston, MA  02210
(617) 426-5900

## VERIFICATION

I, Charles Brett, Building Inspector for the Town of Hamilton, do hereby declare under the penalties of perjury that I have read the foregoing Verified Complaint, that I have personal knowledge of the facts alleged therein and they are true.

Date: June 30, 2005

6134.22/354857

# EXHIBIT B

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* — TORT — MOTOR VEHICLE TORT — CONTRACT — EQUITABLE RELIEF — OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No.  051173  B

Building Inspector of Hamilton ..........................., Plaintiff(s)

*v.*

Irina V. Temkina ..........................................., Defendant(s)

## SUMMONS

To the above named Defendant:     Irina V. Temkina

You are hereby summoned and required to serve upon Donna Brewer MacKenna

Boston, MA 02210

plaintiff's attorney, whose address is Casner & Edwards, LLP, 303 Congress St., / , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

Salem .................................... either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, Robert A. Mulligan, Esquire, at Salem, the 6th
day of     July     , in the year of our Lord~~xxx~~ two thousand
~~xxxxhundredxandxxxxx~~ and five.

*Clerk*

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

**Office #30**

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

# EXHIBIT C

*The Commonwealth of Massachusetts*

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts SUPERIOR COURT DEPARTMENT County: Essex | Docket Number |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Building Inspector of Hamilton | Irina V. Temkina |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |
|---|---|
| Donna Brewer MacKenna, Casner & Edwards, LLP, 303 Congress St., Boston, MA 02210 (617) 426-5900 Board of Bar Overseers number: 545254 | |

### Origin code and track designation

Place an x in one box only:

[ X ] 1.  F01 Original Complaint
[   ] 2.  F02 Removal to Sup.Ct. c. 231, s.104 (Before trial) (F)
[   ] 3.  F03 Retransfer to Sup.Ct. C.231,s.102C (X)

[   ] 4.  F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[   ] 5.  F05 Reactivated after rescript; relief from judgment/ Order (Mass.R.Civ.P. 60) (X)
[   ] 6.  E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| C99 | Zoning & Building Code Enforcement | ( X ) | (  ) Yes   (x ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
#### (Attach additional sheets as necessary)

A.  Documented medical expenses to date:
1. Total hospital expenses ........................................................... $..............
2. Total Doctor expenses ............................................................ $..............
3. Total chiropractic expenses ..................................................... $..............
4. Total physical therapy expenses ............................................... $..............
5. Total other expenses (describe) ............................................... $..............
   Subtotal  $..............
B.  Documented lost wages and compensation to date ............................... $..............
C.  Documented property damages to date ........................................... $..............
D.  Reasonably anticipated future medical and hospital expenses ................... $..............
E.  Reasonably anticipated lost wages ............................................. $..............
F.  Other documented items of damages (describe)
   $..............
G.  Brief description of plaintiff's injury, including nature and extent of injury (describe)

   $..............
   TOTAL: $..............

### CONTRACT CLAIMS
#### (Attach additional sheets as necessary)

Provide a detailed description of claim(s):  $100 a day fines for zoning by-law violation and $1,000 a day fines for building code violations.   as determined
TOTAL  $ by court

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   DATE: 7/6/05
Donna Brewer MacKenna

A.O.S.C. 2003

## CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

| | CONTRACT | | | REAL PROPERTY | | | MISCELLANEOUS | |
|---|---|---|---|---|---|---|---|---|
| A01 | Services, labor and materials | (F) | C01 | Land Taking (eminent domain) | (F) | E02 | Appeal from Administrative Agency G L c 30A | (X) |
| A02 | Goods sold and delivered | (F) | C02 | Zoning Appeal, G.L.c.40A | (F) | E03 | Action against Commonwealth /Municipality, G L c.258 | (A) |
| A03 | Commercial Paper | (F) | C03 | Dispute concerning title | (F) | E05 | All Arbitration | (X) |
| A08 | Sale or lease of real estate | (F) | C04 | Foreclosure of Mortgage | (X) | E07 | G.L. c.112,s.12S (Mary Moe) | (X) |
| A12 | Construction Dispute | (A) | C05 | Condominium lien &charges | (X) | E08 | Appointment of Receiver | (X) |
| A99 | Other (Specify) | (F) | C99 | Other (Specify) | (X) | E09 | General Contractor bond, G L c149,s.29,29a | (A) |
| | TORT | | | EQUITABLE REMEDIES | | E11 | Workers' Compensation | (X) |
| B03 | Motor Vehicle Negligence- | (F) | D01 | Specific performance of contract | (A) | E12 | G.L.c 123A,s.12 (SDP Commitment) | (X) |
| | Personal Injury/Property Damage | | D02 | Reach and Apply | (F) | E14 | G.L. c. 123A, s. 9 (SDP Petition) | (X) |
| B04 | Other negligence- | (F) | D06 | Contribution or Indemnification | (F) | E15 | Abuse Petition, G L c.209A | (X) |
| | personal injury/property damage | | D07 | Imposition of Trust | (A) | E16 | Auto Surcharge Appeal | (X) |
| B05 | Products Liability | (A) | D08 | Minority Stockholder's Suit | (A) | E17 | Civil Rights Act,G.L.c.12;s.11H | (A) |
| B06 | Malpractice-Medical | (A) | D10 | Accounting | (A) | E18 | Foreign Discovery Proceeding | (X) |
| B07 | Malpractice-Other (Specify) | (A) | D12 | Dissolution of Partnership | (F) | E19 | Sex Offender Registry G.L.c. 178M,s.6 | (X) |
| B08 | Wrongful death,G.L.c.229,n.2A | (A) | D13 | Declaratory Judgment G.L.c. 231A | (A) | E25 | Pleural Registry (Asbestos cases) | |
| B15 | Defamation (Libel-Slander) | (A) | D99 | Other (Specify) | (F) | E95 | Forfeiture G.L.c. 94C,s.47 | (F) |
| B19 | Asbestos | (A) | | | | E96 | Prisoner Cases | (F) |
| B20 | Personal Injury-Slip&Fall | (F) | | | | E97 | Prisoner Habeas Corpus | (X) |
| B21 | Environmental | (F) | | | | E99 | Other (Specify) | (X) |
| B22 | Employment Discrimination | (F) | | | | | | |
| B99 | Other (Specify) | (F) | | | | | | |

TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | [x] Yes [ ] No |

### SUPERIOR COURT RULE 29

DUTY OF THE PLAINTIFF. The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

DUTY OF THE DEFENDANT. Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate; he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

**A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT, BUFF COLOR PAPER.**

**FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY MAY RESULT IN DISMISSAL OF THIS ACTION.**

# EXHIBIT D

CASNER & EDWARDS, LLP

ATTORNEYS AT LAW

303 Congress Street
Boston, Massachusetts 02210

Telephone (617) 426-5900
Facsimile (617) 426-8810
www.casneredwards.com

July 6, 2005

## CERTIFIED MAIL
## RETURN RECEIPT REQUESTED

Irina V. Temkina
65 Seminary Road
Simsbury, CT 06070-2028

> Re:   *Building Inspector of Hamilton v. Irina V. Temkina*
>        Essex Superior Court, Civil Action No. 051173 B

Dear Ms. Temkina:

Enclosed please find a Summons issued by the Essex Superior Court. With this Summons you are hereby served with copies of the following documents that were filed today with the Court:

1.   Civil Action Cover Sheet; and
2.   Verified Complaint.

Thank you for your attention to this matter.

Very truly yours,

Donna Brewer MacKenna

DBM:mpb
Enclosures

6134.22/357621

# EXHIBIT E

### County of Essex
### The Superior Court

CIVIL DOCKET# **ESCV2005-01173-B**

RE:    **Building Inspector of Hamilton v Temkina**

TO:Donna B MacKenna, Esquire
   Casner & Edwards
   303 Congress Street
   2nd Floor
   Boston, MA 02210

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court
Standing Order 1-88. The order requires that the various stages of litigation described
below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                              **DEADLINE**

| | |
|---|---|
| Service of process made and return filed with the Court | 10/04/2005 |
| Response to the complaint filed (also see MRCP 12) | 12/03/2005 |
| All motions under MRCP 12, 19, and 20 filed | 12/03/2005 |
| All motions under MRCP 15 filed | 12/03/2005 |
| All discovery requests and depositions completed | 05/02/2006 |
| All motions under MRCP 56 served and heard | 06/01/2006 |
| Final pre-trial conference held and firm trial date set | 07/01/2006 |
| Case disposed | 08/30/2006 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be
notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline
for filing return of service.**
This case is assigned to session **B** sitting in **CtRm 1 (145 High St., Newburyport, MA) at
Essex Superior Court.**

Dated: 07/06/2005                              Thomas H. Driscoll Jr.
                                              Clerk of the Courts
                                       BY: JoDee Doyle - Sheila Gaudette
                                              Assistant Clerk

Location: CtRm 1 (145 High St., Newburyport, MA)
Telephone: (978) 462-4474

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| Brett, Charles, Building Inspector of the Town of Hamilton | Temkin, Irina V |

(b) County of Residence of First Listed Plaintiff    N/A
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Casner & Edwards, 303 Congress Street, Boston, MA 02210 (617) 426-5900

Attorneys (If Known)  Pro Se
125 Neck Road, Old Lyme, CT 06371
(860) 597-3020

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | PERSONAL PROPERTY | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☒ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332

Brief description of cause:
Zoning action; Plaintiff seeks to restrict use & occupancy of dwelling

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ In excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes    ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE _____    DOCKET NUMBER _____

DATE  7/15/05

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1.  Title of case (name of first party on each side only)_____ Brett v. Temkina _____

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

|  |  |  |  |
|---|---|---|---|
| ☐ | I. | 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT. | |
| ☐ | II. | 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950. | *Also complete AO 120 or AO 121 for patent, trademark or copyright cases |
| ☒ | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891. | |
| ☐ | IV. | 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900. | |
| ☐ | V. | 150, 152, 153. | |

3.  Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

_____

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?
    YES ☐   NO ☒

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)
    YES ☐   NO ☒

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
    YES ☐   NO ☒

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
    YES ☐   NO ☒

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
    YES ☐   NO ☐   (N/A; No non-governmental parties in Massachusetts)

    A.  If yes, in which division do all of the non-governmental parties reside?
        Eastern Division ☐      Central Division ☐      Western Division ☐

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
        Eastern Division ☐      Central Division ☐      Western Division ☐

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
    YES ☐   NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _____ Irina V. Temkina _____
ADDRESS _____ 125 Neck Road _____
TELEPHONE NO. _____ Old Lyme, Connecticut 06371 _____
                        (860) 597-3020

(CategoryForm.wpd - 5/2/05)