UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
CHARLES BRETT, BUILDING          )
INSPECTOR OF TOWN OF HAMILTON,  )
                                 )
        Plaintiff,               )
                                 )
    v.                           )        No. CV-05-11542-RGS
                                 )
IRINA V. TEMKINA,                )
                                 )
        Defendant.               )
_____)

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

### I. INTRODUCTION

Defendant Irina V. Temkina respectfully submits this motion to dismiss the plaintiff's complaint ["Complaint"] in accordance with Fed. R. Civ. P. 12(b)(6) on the ground that the complaint fails to state a cause of action upon which relief may be granted. The plaintiff seeks fines, declaratory and injunctive relief premised on the defendant's alleged violations of the State Building Code and a local zoning ordinance which prohibits the occupancy of single family dwelling units by more than one family even as it is clear from the face of the plaintiff's complaint that the defects upon which the pleading is premised did not exist at the time the complaint was filed and that the plaintiff's property has been occupied by one related family residing in a single household. The allegations are not merely presently moot, but did not establish a cause of action at the time the complaint was filed. The facts alleged in the complaint viewed in the light most favorable to the plaintiff are insufficient as a matter of law to establish any plausible violation of the State Building Code or the local zoning ordinance. Consequently, the plaintiff's complaint should be dismissed.

1

## II. FACTS

The plaintiff, a Town of Hamilton building inspector, filed a civil action against the defendant, a property owner within the Town of Hamilton, alleging that the defendant violated provisions of the State Building Code and a local zoning ordinance. Complaint ¶¶ 1-48. The plaintiff seeks

"a preliminary and permanent injunction prohibiting defendant from leasing the Property to more than one family...a declaration that the leases of the Property to two families is in violation of the Hamilton zoning by-law...a preliminary and permanent injunction ordering the defendant to correct and abate the violations of the state building code on the property...a declaration that the property defects are in violation of the state building code. Plaintiff's demand ["Demand"] ¶¶ 1-2, 4-5.

The plaintiff also seeks $1,100 "per day" as "an award of fines," eventhough the demand is devoid of specific violations, the dates of such violations or any statutory basis for the imposition of "fines." Complaint ¶¶ 38, 48; Demand ¶¶ 3, 6.

### Alleged Violation of State Building Code

The plaintiff alleges that he is "empowered with the authority to enforce the provisions of the state building code" pursuant to M.G.L. c. 143 § 3, and brings a count in accordance with the statute's enforcement provision, M.G.L. c. 143 § 57. Complaint ¶¶ 4, 44. The plaintiff performed inspections of the defendant's property on two occasions, in August 2004 and May 2005, and corresponded with the defendant after each of those inspections, on August 19, 2004 and May 19, 2005. Complaint ¶¶ 11-17, 28-31; communications from defendant to plaintiff referenced in paragraphs 17 and 31 of the Complaint are attached hereto

as Exhibits A and B, respectively.[1] The plaintiff bases his claim exclusively on the results of the August 2004 inspection, as reported in the August 19, 2004 letter. Complaint ¶¶ 42-46; Exhibit A. The August 19, 2004 letter alleges a cornucopia of "violations," and takes the liberty of ordering the defendant's tenants "to withhold payment of rent." Exhibit A. The plaintiff claims that "the defects set forth in the August 19, 2004 letter constitute violations of the state building code...the defendant has failed and refused to correct or abate the Property's violations of the state building code." Complaint ¶¶ 42-46. According to the complaint, the May inspection merely confirmed "that the building code violations had not been corrected," Complaint ¶ 31. The May 19, 2005 correspondence reflected the plaintiff's intention to bring a "civil action" against the defendant forthwith and engage in retaliatory "termination of all utilities" to the property. Exhibit B. However, the May 19, 2005 correspondence contains none of the building code violations recorded in the August 19, 2004 correspondence. Exhibit A; Exhibit B. It is apparent from the plaintiff's May 19, 2005 communication to the defendant, relied upon by the plaintiff in his complaint, that as of May 19, 2005, no building code violations noted in the August 2004 inspection existed.[2]

### Alleged Violation of Zoning By-Law

The plaintiff brings another count in accordance with the General Laws' zoning enforcement provision, M.G.L. c. 40A § 7. Complaint ¶ 4. The plaintiff alleges that the defendant's property has been rented to "two families" in violation of the town's zoning by-law. Complaint ¶¶ 33-40; Demand ¶ 1-2. The plaintiff bases his claim exclusively on this allegation, alternatively asserting that the defendant's property is leased "to two separate

---

[1] The plaintiff fails to include the May 19, 2005 correspondence in his complaint, but makes it part of his pleading. Complaint ¶ 31.
[2] In other words, the May 19, 2005 letter does not report any of the violations listed in paragraph 15 of the Complaint.

3

families of tenants...to two separate families...to more than one family." Complaint ¶¶ 35, 39, 40; Demand ¶¶ 1. Factually, the sole basis for the plaintiff's claim that the defendant violated the zoning by-law is the allegation that the defendant "executed separate leases for rental of the Property after she was given actual notice by the plaintiff that such rental was in violation of the Hamilton zoning by-law" with Sean and Rhonda Baker and Matthew Carter. Complaint ¶¶ 26-27, 36. Mr. Carter is Mr. Baker's brother. The defendant's property has been occupied by one related family residing in a single household.

Additional facts will be set forth as necessary.

### III. ARGUMENT

### A. STANDARD OF REVIEW

A defendant may move to dismiss an action for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). In deciding whether dismissal is appropriate, "the trial court, must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir.1998) (citations omitted). But "[a]lthough this standard is diaphanous, it is not a virtual mirage." Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir.1997) citing Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir.1988). In order to withstand a motion to dismiss, "a complaint must set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.' " Id. In weighing the sufficiency of a complaint, courts must "differentiate between well-pleaded facts, on the one hand, and 'bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like,' on the other hand; the former must be credited, but the latter can safely be ignored." LaChapelle, 142 F.3d at 508 (quoting Aulson

4

v. Blanchard, 83 F.3d 1, 3 (1st Cir.1996)). See also Rogan v. Menino, 175 F.3d 75, 77 (1st

Cir.1999). Courts, moreover, "will not accept a complainant's unsupported conclusions or

interpretations of law." Wash. Legal Foundation v. Mass. Bar Foundation, 993 F.2d 962, 971

(1st Cir.1993).

## B. The Plaintiff Fails to State A Violation of the State Building Code

M.G.L. c. 143 § 57, entitled "Restraint of Construction, Alteration or Use of a

Structure," grants the plaintiff equitable relief to

> enforce the provisions of this chapter, the provisions of the state building code, and of
> any ordinance, by-law, rule or regulation made under authority of any of such
> provisions, the enforcement of which, under this chapter, is the responsibility of an
> inspector or local inspector; to enjoin violations thereof; and to restrain the use and
> occupation of any building subject to any provision of this chapter during the period of
> noncompliance with any order of such inspector or local inspector or such authorized
> representative or of the court.

A plain reading of the statute requires the presence of an existing violation in order to support

an action. It is evident from the plaintiff's complaint that the violations which form the basis

of the complaint (those violations allegedly present during the August 2004 inspection) did

not exist at the time the complaint was filed. The plaintiff's allegation that the defendant

violated the State Building Code is not merely moot because the violations do not exist,[3] the

plaintiff's cause of action never arose at all because all of the violations alleged in the August

19, 2004 correspondence were remedied by the time the plaintiff's action was instituted. This

fact is evident from the face of the plaintiff's complaint.[4] Complaint ¶¶ 31; Exhibit B. The

plaintiff's cause of action is based solely on defects recorded during the August 2004

---

[3] Under Massachusetts law, "it is well established that courts only decide actual controversies." Murphy v.
Nat'l Union Fire Ins. Co., 438 Mass. 529, 533 (2003). See also Pidge v. Superintendent, Massachusetts
Correctional Institution, Cedar Junction, 32 Mass. App. Ct. 14 (1992); Bucci v. Planning Bd. of Lincoln, 4
Mass.App.Ct. 775 (1976).

[4] This fact is also evident from other sources, including a Housing Quality Standards inspection performed at the
main residential unit on January 12, 2005 by a Section 8 Inspector, attached hereto as Exhibit C. Yet it is the
plaintiff's own admission which warrants the dismissal of his claim.

inspection, and, according to the May 19, 2005 communication (relied upon in the plaintiff's complaint) these defects had been remedied.[5] See Complaint ¶¶ 31, 43-46; Exhibit B. Consequently, the plaintiff fails to state a violation of the State Building Code.

### C. The Plaintiff Fails to State A Violation of the Local Zoning By-Law

Pursuant to Section V(A) of the Zoning By-Law, the defendant's property, located in the R-1B Zoning District, may contain "one single family detached dwelling." A single family detached dwelling is defined in Section VII of the By-Law as "a dwelling which is not attached to any other dwelling by any means and is surrounded by open space or yards on all sides, and that is occupied by not more than one household [emphasis added]." The basis for the plaintiff's allegation that the defendant violated the zoning by-law is that the plaintiff has separate leases with individuals who possess different last names, Rhonda and Sean Baker and Matthew Carter. Complaint ¶¶ 26-27, 36. This allegation does not translate into a violation of the zoning by-law; the plaintiff has not stated such a claim. The entire property is leased and occupied by one household (Rhonda Baker, her husband Sean Baker, his brother Matt Carter, and the Bakers' children (Kendal Dyer, Jr., Joshua Baker and Ashley Baker). The property, consisting of a residential unit and an attached office/workshop, was legally built and approved by the Town of Hamilton. The occupancy permit for the attached office/workshop area is attached hereto as Exhibit E. The plaintiff's complaint alleges no unlawful alterations to the property. [6] Secondly, the property was properly leased. The main

---

[5] The May 19, 2005 correspondence reports merely that the front stairs have been damaged. This is a new defect for which no notice was given and which does not constitute a basis for the plaintiff's cause of action. Complaint ¶¶ 42-46. Parenthetically, the front stairs have also been repaired in a timely manner. Photographs of the stairs are attached hereto as Exhibit D. The May 19, 2005 correspondence also alleges that where there is insufficient means of egress for two separate dwellings. This claim is tied to the alleged zoning violation, and falls along with it. See infra.

[6] The plaintiff also states that "leases of the two separate units each *with their own separate cooking facilities* is a violation of the Hamilton Zoning by-law [emphasis added]." Complaint ¶ 35. Eventhough the plaintiff does not allege anywhere in the complaint that the defendant modified or altered the premises in violation of the law, but

6

residential unit was leased to Sean and Rhonda Baker as a single family residential unit. See Exhibit B to plaintiff's complaint, paragraphs 1-2. The attached office/workshop was leased to Matthew Carter, Sean Baker's brother, to be used as a workshop. See Exhibit C to plaintiff's complaint, paragraphs 1-2, 5J. Neither the Zoning By-Law nor the statutory enforcement provision, M.G.L. c. 40A § 7, requires that all of the members of a household possess the same last name or restricts the property owner's freedom to contract in leasing a single family dwelling to a single family. All of the occupants of the property are related family members of a single household.[7] Therefore, the plaintiff has not stated a violation of the local Zoning By-Law.

## IV. CONCLUSION

For the foregoing reasons, the defendant respectfully requests that the plaintiff's complaint be dismissed.

Dated: August 05, 2005

DEFENDANT,

JG emec

Irina V. Temkina
125 Neck Road
Old Lyme, Connecticut 06371
Telephone: (860) 597-3020
Electronic Mail: irina.temkina@uconn.edu

---

complains only about the use of the property, the defendant notes that the two separate cooking facilities were approved by the Town of Hamilton in May 1999. See Exhibit E; See also assessor's report for the property, taxing an "extra kitchen" as an amenity, attached hereto as Exhibit F. The approval of the second kitchen facilities and the statute of limitations contained in M.G.L. c. 40A § 7 estops the plaintiff from alleging any improprieties with respect to the separate cooking facilities.

[7] In any event, on June 28, 2005, prior to the time the instant complaint was filed, a summary process judgment was entered against Mr. Carter by the Northeast Housing Court, evicting him from the office/workshop for non-payment of rent. Once again, the plaintiff's claim is both presently moot and did not exist at the time the complaint was filed.

7

## CERTIFICATE OF SERVICE

I, Irina V. Temkina, certify that on August 6, 2005, a copy of the preceding Motion to
Dismiss and Memorandum in Support thereof was sent, first class mail, postage prepaid,
to the following counsel of record:

Donna Brewer McKenna
Casner & Edwards LLP
303 Congress Street
Boston, MA 02210

                                        Irina V. Temkina