UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CHARLES BRETT, BUILDING INSPECTOR OF THE TOWN OF HAMILTON, | ) ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 05-11542 RGS |
| v. | ) ) | |
| IRINA V. TEMKINA, | ) ) | |
| Defendant. | ) ) ) | |

**OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Plaintiff Charles Brett, Building Inspector for the Town of Hamilton, MA, opposes defendant Irina V. Temkina's motion to dismiss the Verified Complaint. The Verified Complaint amply supports with well-pled facts the claims that the defendant has violated the Town's zoning by-law and the state building code. Defendant's motion and supporting documentation do not show that the allegations of the complaint fail to state a claim for relief. Instead, she argues, predominantly without substantiation, that the allegations are false. Since the plaintiff's well-pleaded allegations must be accepted as true for the purposes of the review of defendant's 12(b)(6) motion, defendant's motion to dismiss should be denied.

**Summary of Facts**

Mrs. Temkina is the owner of a single family residence located at 521 Bridge Street, Hamilton, MA. Verified Complaint, ¶ 7. The property is part of the R-1B single residence district under the Hamilton zoning by-law. *Id.*, ¶ 8. In August, 2004, when police responded to a call at the property, they spoke with Brian Shatford and Dawn Rennicks, who informed the

police that they rented two separate apartments in the house. *Id.,* ¶¶ 11-13. Mr. Brett, as the Hamilton Building Inspector, was called to the scene by the police and observed that there were two separate living units in the property, confirming the information from Mr. Shatford and Ms. Rennicks. He wrote to the defendant by letter dated August 19, 2004, and informed her that rental of two separate dwelling units at the property was a violation of the Hamilton zoning by-law. *Id.,* ¶¶ 14, 16 – 17 and Exhibit A.[1]

In February, 2005, the defendant executed a one year lease with Sean and Rhonda Baker to rent the "upper level" of the Property for $1,740.00 a month, with Section 8 housing assistance. *Id.,* ¶ 26 and Exhibit B. Matthew Carter is not a signatory to this lease. That same month, Mrs. Temkina's son, Elliott Temkin, requested that the Town install a second electric meter at the property. *Id.,* ¶ 21. The next month, the defendant advertised in a local newspaper that she had a unit for rent on the property. *Id.,* ¶ 25.

In April, 2005, the defendant executed a lease of unspecified term with Matthew Carter for the "lower level" of the Property for $1,000.00 a month, without Section 8 housing assistance. *Id.,* ¶ 27 and Exhibit C. Photographs of the "upper level" and "lower level" of the property show entirely separate living quarters, including bedrooms, kitchens and other living space. Exhibit D. The "upper level" and "lower level" do not have a common doorway providing access from one to the other; the only entrances to these units are through separate entrances from the outside. Verified Complaint, ¶¶ 29-30.

Mr. Brett has made visits to the property to inspect property conditions and use, starting in August, 2004. *Id.,* ¶¶ 14-16. During those visits, he observed several defective and dangerous property conditions, which he outlined in the August 19th letter. *Id.,* ¶¶ 15, 17 and Exhibit A. The Verified Complaint asserts that these defects are violations of the state building code. *Id.,* ¶

---

[1] All references to exhibits are to the exhibits attached to the Verified Complaint.

43. The defendant has not applied for any permits to correct any of these defects, despite her son's representation to the Building Department that he would do so. *Id.,* ¶¶ 24, 42. The defects have not been repaired. *Id.,* ¶ 46.

**Argument**

A.   Standard of Review.

When reviewing a complaint challenged by a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court is to accept " 'as true all factual allegations of the complaint, constru[e] all reasonable inferences therefrom in favor of the plaintiffs, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory of the case.' " *Disabled Americans for Equal Justice, Inc. v. Ferries del Caribe, Inc.,* 405 F.3d 60, 64 (1st Cir. 2005), *quoting Beddall v. State St. Bank & Trust Co.,* 137 F.3d 12, 16 (1st Cir. 1998). The Court's review may appropriately include the extraction of facts from documents attached to the complaint or from documents relied upon by the complaint, whether or not attached, and matters susceptible of judicial notice. *Jorge v. Rumsfeld,* 404 F.3d 556, 559 (1st Cir. 2005).

A plaintiff need not, however, present in his complaint each and every fact which supports his allegations. Fed. R. Civ. P. 8(a) directs the plaintiff to present his case through "a short and plain statement of the claim showing that the pleader is entitled to relief." The intent of this standard is to put the defendant on "fair notice" of the plaintiff's claims and the basis for the claims. *Cepero-Rivera v. Fagundo,* 2005 U.S. App. LEXIS 13134, *8 (1st Cir. July 1, 2005) (citations omitted). Thus, "[a] motion to dismiss under Rule 12(b)(6) must be denied 'unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts.' " *Lawson v. Affirmative Equities Co., L.P.,* 341 F. Supp. 2d 51, 62 (D. Mass. 2004), *quoting Roma Construction Co. v. aRusso,* 96 F.3d 566, 569 (1st Cir. 1996).

  B. The Verified Complaint is Supported by Well-Pleaded Factual Allegations and Documentation.

Mrs. Temkina first challenges Count II, alleging violations of the state building code for property defects, by asserting that the defects outlined in the August 19, 2004, letter did not exist at the time the Verified Complaint was filed. Oddly, Mrs. Temkina cites to several paragraphs of the Verified Complaint and Mr. Brett's May 19, 2005, letter to her as "admissions" that the defects have been remedied. To the contrary, several paragraphs and the May 19th letter uniformly assert that the earlier noted building code violations remain. Verified Complaint, ¶¶ 31, 42, 43, 46, 47 and Exhibit A. Mrs. Temkina's argument represents a fundamental misreading of the Verified Complaint and Mr. Brett's letters.

There is no reason to believe that the building code violations have been corrected. The August 19th letter include observations of structural, plumbing and electrical defects. The defendant is required to apply for permits in order to repair these defects. *See* 780 C.M.R. 110.1 (permit required for repair of a building or structure); Mass. Gen. L. c. 143, § 3L (permit required for electrical repairs by person for hire); 248 C.M.R. 3.05(b) (permit required for plumbing repair). Yet, as alleged in the Verified Complaint, Mrs. Temkina has never applied for any permits to repair the defects. *Id.*, ¶ 42. A bald assertion that the allegations of the Verified Complaint are untrue, in light of the substantial evidence that the defects not only existed at the time of the filing of the Verified Complaint but continue to exist today, does not satisfy the defendant's burden under Fed. R. Civ. P. 12(b)(6).

Mrs. Temkina's arguments are equally invalid when reviewing the sufficiency of Count I, alleging that she has violated the Town zoning by-law by renting out two separate dwelling units in the single family residence district. She makes several unsubstantiated assertions to dispute the factual allegations of the Verified Complaint. She claims that the Baker family and Mr.

4

Carter, because of an alleged familial relationship, altogether constitute one household. She claims that the lease to Mr. Carter was solely for use of the lower level as a workshop. Finally, she alleges that Mr. Carter had been evicted by summary process judgment just a few days before the Verified Complaint was filed.

Mrs. Temkina does not dispute that the property cannot be rented out as two separate units without violating the Hamilton zoning by-law. If the Verified Complaint contains allegations that she has rented, and is renting, the property as two separate units, then Count I states a claim for relief even if defendant argues that the allegations are untrue. Review of the complaint reveals several paragraphs in which it is alleged that the property has been, and is being, rented as two separate units in violation of the Hamilton zoning by-law. *See id.,* ¶¶ 13, 16, 17, 19, 21- 23, 25 - 31, 33 - 36, 39 and Exhibits B-D. It is further alleged that the defendant is likely to continue to rent the upper and lower levels of the property as two separate units until she is enjoined from doing so, regardless of whether the particular tenants in residence at the time the complaint was filed continue as tenants throughout the pendency of the lawsuit. *Id.,* ¶ 37. With these allegations, the requirement of pleading a claim upon which relief can be granted is satisfied.

Of course, the Verified Complaint does not rest simply on unsupported allegations. Mr. Brett has verified the allegations and attached substantial documentation in support of the facts as alleged. Through verification and documentation, the complaint reveals the following:

1. Two apartments were being rented to unrelated people in August, 2004;
2. Mr. Temkin requested that the Town install a second electric meter at the property in February, 2005;
3. The defendant rented the upper level of the property to the Baker family in February, 2005;
4. Just one month later, the defendant advertised a unit for rent in a local newspaper;
5. The defendant then signed in April, 2005, a separate lease with Matthew Carter with a different term and for a different rent from the Baker rental;

5

6.     Mr. Brett observed and took pictures of separate and distinct living quarters for Mr. Carter and the Baker family.

The allegations suggest that Mr. Brett will be able to present ample evidence at trial to prove that the defendant has violated the Hamilton zoning by-law by renting out two units at the property.  They certainly satisfy, for Rule 12(b)(6) purposes, the requirement that they state a claim for relief.

**Conclusion**

For the reasons set forth above, plaintiff Charles Brett, Building Inspector for the Town of Hamilton, requests that defendant Irina V. Temkina's Motion to Dismiss Plaintiff's Complaint be denied.

Respectfully submitted,
CHARLES BRETT, BUILDING INSPECTOR OF
THE TOWN OF HAMILTON

/s/ Donna Brewer MacKenna
_____
Donna Brewer MacKenna, BBO #545254
CASNER & EDWARDS, LLP
303 Congress Street
Boston, MA  02210
(617) 426-5900
mackenna@casneredwards.com

Dated: August 15, 2005

6134.22/359312

6