UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CHARLES BRETT, BUILDING INSPECTOR OF TOWN OF HAMILTON,<br>    Plaintiff,<br><br>v.<br><br>IRINA V. TEMKINA,<br><br>    Defendant. | C.A. No. 05-11542 RGS |

**OPPOSITION TO DEFENDANT'S MOTION TO JOIN ADDITIONAL PARTIES**

Defendant requests that the Court permit the joinder of the Town of Hamilton as a defendant-in-counterclaim and the joinder of her son, Elliott N. Tiomkin, as a defendant on the plaintiff's complaint and as a plaintiff-in-counterclaim. She does not assert that joinder of either of these parties is necessary for just adjudication pursuant to Fed. R. Civ. P. 19. Instead, she seeks permissive joinder pursuant to Fed. R. Civ. P. 20(a). Since the addition of neither of these parties is warranted under Rule 20, defendant's motion should be denied.

> Fed. R. Civ. P. 20(a) provides in pertinent part:
>
> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any questions of law or fact common to all these persons will arise in the action. All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

A.  Addition of Elliott N. Tiomkin

Plaintiff filed his lawsuit against defendant Temkina to enforce the state building code and town zoning by-law because she is the record owner of the property alleged to be in violation of these laws. Complaint, ¶ 7. Defendant's motion does not allege that Mr. Tiomkin is a co-owner of record and to the best of plaintiff's knowledge, he is not. Moreover, the leases with the tenants of the subject property are executed solely by defendant Temkina as landlord. Complaint, ¶¶ 26-27 and Exhibits B and C. Mr. Tiomkin is not a landlord. At most, Mr. Tiomkin is an agent for the owner and landlord. Since he has no legal interest in the subject property, he has no proper standing as a defendant to the claims that the property is in violation of state and local laws. He cannot be joined as a party defendant to the plaintiff's claims.

Nor can he be joined as a plaintiff-in-counterclaim. The plaintiff believes that there are substantive defects in the counterclaims such that even Ms. Temkina has not stated any viable claim for relief. If any cause of action asserted in the counterclaim survives a challenge at this early stage, however, the allegations of damages suffered and the prayers for relief set forth in the counterclaim establish that Mr. Tiomkin is not a proper plaintiff to recover.[1] The counterclaim prayers for relief are as follows:

1. A permanent injunction preventing the defendants-in-counterclaim from:
   a. Interfering with the plaintiffs'-in-counterclaim utility services;
   b. Posting "condemnation" or other such notices on the plaintiffs-in-counterclaim property;
   c. Ejecting the plaintiffs-in-counterclaim from their property or preventing the plaintiffs-in-counterclaim from entering onto their property;

---

[1] Plaintiff intends to file a motion to dismiss within the timeframe set forth in Fed. R. Civ. P. 12(a)(2). At this time, plaintiff is in communication with defendant Temkina in a good faith attempt to resolve or narrow the issues pursuant to L. R. 7.1(A)(2)

          d.      Ordering the plaintiffs'-in-counterclaim tenants to quit paying rent;

          e.      Otherwise interfering with the plaintiffs'-in-counterclaim contractual and business relations;

    2.    Damages in the amount to be determined at trial, including compensatory, punitive and special damages;

    3.    Interest;

    4.    Costs;

    5.    Such other and further relief as the Court deems just and proper.

Answer and Counterclaim, pp. 27-28.

Each count ends identically in describing the damages suffered: "plaintiffs-in-counterclaim suffered and continue to suffer economic loss." Counterclaim ¶¶ 83, 88, 93, 100, 106, 111, 116 and 121. Since Mr. Tiomkin is neither the owner of the property nor the landlord to any tenant of the property, he cannot have suffered any economic loss. He has no property interest to be protected as requested in any subsection of prayer 1. He has no independent right to enter the property; his interest derives only from the permission he may be given by the property owner/landlord Irina Temkina or the tenants in possession. He has no contractual or business relation that has been affected by the Town's actions.

In short, Ms. Temkina seeks to join Mr. Tiomkin as a party plaintiff-in-counterclaim when he has not suffered any damages sought to be recovered. His addition to this lawsuit is not warranted or appropriate under Fed. R. Civ. P. 20.

    B.    Addition of the Town of Hamilton

The counterclaim causes of action allege that wrongful conduct has been taken by various departments and agents of the Town of Hamilton, but seeks to add only the Town as a defendant, rather than specifying the various entities.[2] Five of the eight causes of

---

[2] Ms. Temkina does not rely upon Fed. R. Civ. P. 14 in seeking to add the Town of Hamilton as a defendant to her counterclaim.

action in the counterclaim rely specifically upon recitations of identical allegedly wrongful actions as establishing the plaintiffs-in-counterclaims' right to recover.[3] An examination of each of the matters alleged demonstrates that they fail to support a claim against the Town of Hamilton. The allegations are as follows:

1. sending communications to Ms. Temkina's tenants "ordering" them to stop paying rent;
2. posting a notice of condemnation on the Property;
3. filing a baseless application for criminal complaint;
4. communicating false information to the North Andover Housing Authority and urging it to repudiate its contract with Ms. Temkina;
5. communicating false information to the Beverly Housing Authority and urging it to breach its contract with Ms. Temkina;
6. threatening to turn off the utilities and actually terminating the water service;
7. filing the instant lawsuit;
8. utilizing municipal counsel to represent the Beverly Housing Authority and Ms. Temkina's tenant in Northeast Housing Court;
9. having the police eject Ms. Temkina and Mr. Tiomkin from the Property; and
10. otherwise harassing and intimidating Ms. Temkina and Mr. Tiomkin and preventing them from renting the Property.

All of these actions are intentional acts. All of the causes of action (except, clearly, for the claim of negligence) are intentional causes of action. Under the Massachusetts Tort Claims Act, the Town is immune from liability for all state law causes of action based upon the intentional acts of its employees. G.L. c. 258, § 2 provides in pertinent part:

> Public employers shall be liable for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment . . ..

---

[3] Those five causes of action are: tortious interference with advantageous business relations; violation of the Fifth Amendment to the United States Constitution; violation of Article 1, Section 10, to the United States Constitution; violation of 42 U.S.C. § 1983; and intentional infliction of emotional distress. The remaining three counts, for malicious prosecution, abuse of process and negligence, are much more limited in their specific recitations, although they each repeat by reference the broader allegations.

G.L. c. 258, § 10 then provides:

The provisions of sections one to eight, inclusive, shall not apply to: -

(c)   any claim arising out of an intentional tort, including assault, battery, false imprisonment, false arrest, intentional mental distress, malicious prosecution, malicious abuse of process, libel, slander, misrepresentation, deceit, invasion of privacy, interference with advantageous relations or interference with contractual relations . . ..

Under the express terms of G.L. c. 258, § 10, the plaintiffs-in-counterclaim are barred from suing the Town of Hamilton on their claims of tortious interference with advantageous business relations (the first count), malicious prosecution (the fifth count), abuse of process (the sixth count) and intentional infliction of emotional distress (the seventh count).  While the negligence claim could theoretically survive against the Town, there is in fact no negligence alleged.  Since there is no negligent conduct, there is no basis to add the Town of Hamilton to defend itself against a negligence claim (the eighth count).

The Massachusetts Tort Claims Act does not provide immunity for the Town of Hamilton for the claims based on federal constitutional and statutory law.  Protection from these claims is found in federal law.  Plaintiffs-in-counterclaim have not asserted a viable claim of violation of the Fifth Amendment to the United States Constitution.  There is no claim directly under the Fifth Amendment in the absence of federal action.  *City of Boston v. Massachusetts Port Authority,* 320 F. Supp. 1317, 1319 (D. Mass. 1971).  Even if restated as a taking applied to the Town through the Fourteenth Amendment, Ms. Temkina has failed to allege facts sufficient to establish that the Town's actions have effectuated a taking of her Property.  All of the Town's actions against the Property are directed to the enforcement of state and local land use

5

regulations.  Ms. Temkina does not allege that these regulations are invalid.  The enforcement of valid zoning and land-use restrictions is a reasonable exercise of municipal authority and does not constitute a taking.  *Palazzolo v. Rhode Island,* 533 U.S. 606, 627 (2001).  The Town's actions have not deprived Ms. Temkina of all economically beneficial or productive use of her Property.  *Compare with Lucas v. South Carolina Coastal Council*, 505 U.S. 1003, 1015 (1992).  She can have no reasonable investment-backed expectation to use her property in violation of the state building code and the Town's zoning by-law.  *Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 440 (1982), *citing Penn Central Transportation Co. v. New York City*, 438 U.S. 104 (1978).

   As for the claim that the Town violated the contracts clause of Article I Section 10 of the Constitution, in the absence of legislative action by the Town to change the law affecting Ms. Temkina's contracts, there is no viable claim.  *Allied Structural Steel Co. v. Spannaus*, 438 U.S. 234 (1978).  There is no allegation that there was any change in the law; to the contrary, the Building Inspector's lawsuit is merely to enforce laws in place well before Ms. Temkina purchased her property and entered into the leases in effect at the time the complaint was filed.  "[I]t is to be accepted as a commonplace that the Contract Clause does not operate to obliterate the police power of the State."  *Id.* at 241.

   Finally, the Town cannot be sued for violation of 42 U.S.C. § 1983 because there is no municipal liability under this statute based upon a theory of *respondeat superior*.  *Monell v. Dep't of Soc. Servs. of the City of New York,* 436 U.S. 658, 691 (1978); *Hayes v. Town of Orleans,* 39 Mass. App. Ct. 682, 683 (1996).  For the municipality to be liable, the alleged wrongful action must be pursuant to official municipal policy which causes a

6

constitutional tort. *Monell,* 436 U.S. at 691. There is no allegation that there has been any official municipal policy that has adversely affected Ms. Temkina's constitutional rights.[4] Remedy for the actions of various officials does not lie against the Town of Hamilton under 42 U.S.C. § 1983.

For these reasons, plaintiff Building Inspector requests that the defendant's Motion to Join Additional Parties be denied.

Dated: October 24, 2005

Respectfully submitted,
PLAINTIFF CHARLES BRETT,
BUILDING INSPECTOR OF TOWN OF HAMILTON,
By his Attorney,

/s/ Donna Brewer MacKenna
Donna Brewer MacKenna, BBO 545254
Casner & Edwards, LLP
303 Congress Street
Boston, MA  02210
(617) 426-5900
mackenna@casneredwards.com

6134.22/366303.1

---

[4] The only allegation relating to an official Town policy making board is the allegation that the Board of Selectmen in 2002 declined to adopt the "No Place for Hate" resolution. This constitutes non-action, not the adoption of an official municipal policy.

7