UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES BRETT, BUILDING INSPECTOR OF TOWN OF HAMILTON,<br>Plaintiff,<br><br>v.<br><br>IRINA V. TEMKINA,<br><br>Defendant. | C.A. No. 05-11542 RGS |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS
MOTION FOR PARTIAL SUMMARY JUDGMENT**

FACTS

Plaintiff Charles Brett, Building Inspector of the Town of Hamilton, filed suit in Essex Superior Court on or about June 30, 2005 against defendant Irina V. Temkina. Irina Temkina is the owner of record of 521 Bridge Street, Hamilton, Essex County, Massachusetts (the "Property").  Verified Complaint, ¶ 7.  The Property is located in the R-1B single residential district under the Hamilton zoning by-law.  *Id.,* ¶ 8; admitted in defendant's Answer, ¶ 8.  Mr. Brett made several visits to the Property and observed defects in the Property including: an unsecure railing to the second floor apartment; a blocked means of egress; inoperative smoke detectors; defective plumbing causing an interruption in the water supply to the tenants; excessive number of bedrooms for the septic system; no anti-scald valve in the upstairs apartment; and no GFI outlets in bathrooms.  Verified Complaint, ¶ 15 a-g.  Mr. Brett informed Ms. Temkina by letter that these defects constitute violations of the state building code.  *Id.,* ¶ 43.  During his visits

to the Property, Mr. Brett observed three bedrooms, a kitchen, a bathroom, a living room and a fireplace in the upstairs apartment and a kitchen, a bedroom, a bathroom, a living room and a fireplace in the downstairs apartment. By letter dated August 19, 2004, Mr. Brett informed Ms. Temkina of these observations and notified her that she was operating an illegal second apartment without special permit from the Zoning Board of Appeals. *Id.*, ¶¶ 16 & 17.

On September 15, 2005, Mr. Brett issued a letter to Irina Temkina informing her that building code and zoning by-law violations brought to her attention the previous August continued to exist at the Property. Ms. Temkina appealed this letter to the State Building Code Appeals Board on November 8, 2005. *See* State Building Code Appeals Board Appeal Application Form (Exhibit A to affidavit of Donna Brewer MacKenna, filed herewith). The Appeals Board held a hearing on February 28, 2006 on Ms. Temkina's appeal. Ms. Temkina, her son Elliott Tiomkin and Mr. Brett, among others, all attended and were duly sworn to present testimony. Among the evidence presented was a report from the Hamilton Fire Department dated February 28, 2006, in which the Hamilton Fire inspector concluded that the Property was set up as a two family dwelling and thus required more smoke detectors than it contained (Exhibit B to the MacKenna affidavit).

The Board rendered its decision on April 6, 2006. It made the following findings of fact:

> 3.   Appellant [Irina Temkina] is appealing a finding of Building Code Violations made by the Building Department from the Town of Hamilton dated September 15, 2005. They were: improper egress on front stairs as to treads and risers (780 CMR (Sixth Edition) section 3603.13.2), improper nosings (section 3603.13.1), lack of proper handrail (section

2

3603.14.1.1), and inadequate number of smoke detectors in site (section 3603.16.10).

5.      Appellant and her family lived at the premises for a time in 1999. Prior to moving out, the Appellant caused to be converted the garage into a kitchen and a room described by the Appellant's son as an "office workshop."

6.      Notwithstanding the sugar coating, the "office workshop" was used as a bedroom while the Appellant rented out the premises to two separate tenants, the "upstairs" tenant and the "downstairs" tenant, for an approximate one-year period.

It then made the following **CONCLUSION AND ORDER**:

While the Hamilton Fire Department is in no better position than the Building Department to make a finding of fact concerning whether a structure is useable as a two-family dwelling, the report of February 20, 2006 (sic), simply confirms the testimony of the Appellant's son that at times in the past there were two separate tenants leasing this structure. The Appellant did not offer any testimony as to what the reason would be for the addition of a kitchen to a structure that previously functioned as a single-family residence, other than, which the Board infers, for the creation of a second rental unit.  The railing on the stairway which was observed by the Building Department on September 12, 2005, to be "particularly dangerous, with spacing of the ballusters out of code, excessive spacing between the bottom of the railing and the top of the stairs, and bolts loose and inadequate, so that the entire railing can be easily wiggled and is inadequate to support someone's weight," was simply removed by the Appellant prior to the time that the inspection was made and the hearing was conducted.  That is not an adequate response to the violation notice.
        Accordingly, upon motion made and duly seconded it was unanimously:
        ***Voted, to uphold the order of the Inspector of Buildings dated September 15, 2005, with respect to the inadequacy of the front stairs concerning treads and risers (780 CMR (Sixth Edition) 3603.13.2), nosings (Section 3603.13.2.1), and handrail (Section 3603.14.1.1), and also based on the inadequate number of smoke detectors in accordance with Section 3603.16.10, 13.***

The decision informed Ms. Temkina that, pursuant to G.L. c. 30A, Section 14, she could appeal the Board's decision to a court of competent jurisdiction within 30 days.  No appeal was filed. (Exhibit C to the MacKenna affidavit).

ARGUMENT

Under the doctrine of *res judicata*, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action. *Parklane Hosiery Co., Inc. v. Shore,* 439 U.S. 322, 327, n. 5 (1979). Otherwise known as issue preclusion, where an issue is litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties. Restatement of the Law 2nd, Judgments § 27 (1982); *see also American Casualty Co. v. Sentry Fed. Sav. Bank,* 867 F. Supp. 50 (D. Mass. 1994); and *National Labor Relations Board v. Donna-Lee Sportswear Co., Inc.,* 836 F.2d 31 (1st Cir. 1987).

There is no need for a second evidentiary hearing when an agency acts in a judicial capacity to resolve factual disputes and when both parties have had full and fair opportunity to argue their versions of the facts and an opportunity to seek court review of any adverse findings. *Meehan v. FTC Communications, Inc.*, 1980 U.S. Dist. LEXIS 12659 at *5-6 (D. Mass. 1980). A valid and final adjudicative determination by an administrative tribunal has the same effect under the rules of *res judicata,* subject to the same exceptions and qualifications, as a judgment of a court, provided the following elements are met:

> "(a) Adequate notice to persons who are to be bound by the adjudication; (b) The right on behalf of a party to present evidence and legal argument in support of the party's contentions and fair opportunity to rebut evidence and argument by opposing parties; (c) A formulation of issues of law and fact in terms of the application of rules with respect to specified parties concerning a specific transaction, situation, or status, or a specific series thereof; (d) A rule of finality, specifying a point in the proceeding when

4

>presentations are terminated and a final decision rendered; and (e) Such other procedural elements as may be necessary to constitute the proceeding a sufficient means of conclusively determining the matter in question…"

Restatement of the Law 2d, Judgments § 83 (1982).

The decision of the State Building Code Appeals Board meets the requirements for the application of *res judicata*. Both the plaintiff and the defendant in this action appeared, were sworn in and presented testimonial and documentary evidence. After consideration of the parties' evidence, the Board adopted findings of fact that the Property was in violation of the state building code. It also found as a matter of fact that the Property had been used as a two family residence. This latter finding was essential to the Board's finding that the Property was in violation of the state building code by having too few smoke detectors. The violations referenced in the Decision of the Board are the same violations being litigated in the instant case.

Plaintiff is entitled to judgment on Counts I and II of the Verified Complaint as a result of the preclusive effect of the decision of the State Building Code Appeals Board. As to Count I, the defendant does not contest that her Property cannot legally be rented out as a two family; her defense is simply that she never did so. The decision of the State Building Code Appeals Board bars the defendant from raising that defense in this action. She made that precise claim before the Board and lost. She cannot relitigate that defense here.

Count II is similarly resolved by the decision of the State Building Code Appeals Board. The Property's non-compliance with the State Building Code was squarely presented. The Board agreed with the Building Inspector that the Property contained several building code violations. Defendant's liability for violation of the zoning by-law

5

and violation of the state building code is therefore settled as a matter of law. All that remains is for the Court to determine the number of days that the violations occurred and award fines for each day of violation in accordance with state law and the zoning by-law.

For these reasons, plaintiff Charles Brett requests that this motion for partial summary judgment be granted and this matter be set for a hearing on the assessment of damages.

Dated: October 20, 2006

Respectfully submitted,
CHARLES BRETT, BUILDING INSPECTOR
OF TOWN OF HAMILTON,

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the *pro se* defendant by email and by first class mail, postage pre-paid on October 20, 2006.

  /s/ Donna Brewer MacKenna

By: */s/ Donna Brewer MacKenna*
Donna B. MacKenna, B.B.O. No. 545254
CASNER & EDWARDS, LLP
303 Congress Street
Boston, MA  02210
(617) 426-5900
mackenna@casneredwards.com

396028/6134.22

6