UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CHARLES BRETT, BUILDING INSPECTOR OF TOWN OF HAMILTON, Plaintiff, <br><br> v. <br><br> IRINA V. TEMKINA, <br><br> Defendant. | C.A. No. 05-11542 RGS |

## AFFIDAVIT OF DONNA BREWER MacKENNA

1.      I am the attorney for plaintiff Charles Brett, Building Inspector of the Town of Hamilton and a member of the bar of this court.

2.      This affidavit is submitted in support of plaintiff's Motion for Partial Summary Judgment.

3.      Exhibit A is a true and correct copy of the State Building Code Appeals Board Appeal Application Form filed by Irina V. Temkina and dated November 9, 2005.

4.      Exhibit B is a true and correct copy of the report of the Hamilton Fire Department dated February 28, 2006.

4.      Exhibit C is a true and correct copy of the decision of the State Bulding Code Appeals Board dated April 6, 2006.

5.      All of these documents were produced to me by the Deputy General Counsel of the Department of Public Safety in response to a request for production under the Public Records Act, G.L. c. 66, § 5A.  See the true and accurate copy of the letter of

Todd M. Grossman, Deputy General Counsel, dated March 7, 2006, attached as Exhibit

D.

     SIGNED UNDER PENALTIES OF PERJURY THIS 20TH DAY OF
OCTOBER, 2006.

                               */s/ Donna Brewer MacKenna*
                               DONNA BREWER MacKENNA

6134.22/396049

# EXHIBIT A



# The Commonwealth of Massachusetts

## Department of Public Safety
## Board of Building Regulations and Standards

**RECEIVED**

NOV 1 4 2005

DEPARTMENT OF PUBLIC SAFETY

One Ashburton Place, Room 1301
Boston, Massachusetts 02108-1618
Phone (617) 727-7532
Fax (617) 227-1754

| STATE USE ONLY | |
|---|---|
| Fee Received: 150.00 | |
| Check No.: 1118 | |
| Received By: P Barry | |

## STATE BUILDING CODE APPEALS BOARD APPEAL APPLICATION FORM

**DOCKET NUMBER:** 05-43    05-193    **DATE:** 11/9/05

State Use Only

4b

The undersigned hereby appeals to the State Board of Building Regulations and Standards from the decision of the:

Building Official from the City/Town of: **Hamilton** _____

Board of Appeals from the City/Town of: _____

Other Municipal Agency/Official entitled: _____

State Agency/Official entitled: _____

OTHER: _____

Dated: **September 15** 200**5** **\*Order received by appellant on 09/26/05 (see attached)**, having been aggrieved by such (check as appropriate)

Interpretation o    Order ☒    Requirement o    Direction o

Failure to Act o    Other o    Explain_____

(This section must be completed or the application will be returned.)

Has the building\structure been the subject of an appeal by this or any other appeals board previous to this filing? If, yes, please indicate the date of the previous appeal, whether the matter was heard before a local or state appeals board, the code section that was at issue, and the specifics of the decision (i.e. a variance was granted\not granted).

**No.**

*All appropriate code sections that are a subject of the appeal must be identified.* All *written* supporting documentation must be submitted with this application. .However, the Board reserves the right to continue the proceeding if such material warrants extensive review.

State briefly desired relief (additional information may be attached if space is not sufficient):

Hold that the front stairs and railings are in compliance with the

Building Code. Hold that the dwelling has an adequate number of smoke

detectors (i.e. hold that smoke detectors are not required in the

bedrooms of the dwelling)

APPELLANT: Irina V. Temkina

REPRSENTING: Self

ADDRESS FOR SERVICE: 125 Neck Road, P.O. Box 4017

Old Lyme, CT 06371

Telephone No. (860) 597-3020        Fax Number: (860) 523-7989

ADDRESS OF SUBJECT PROPERTY: 521 Bridge Street

South Hamilton, MA 01982

APPELLANT'S CONNECTION TO SUBJECT PROPERTY:

Owner

_____                Irina V. Temkina
SIGNATURE OF APPELLANT/REPRESENTATIVE        NAME - PLEASE PRINT)

Please return applications to:
Program Manager, Board of Appeals
Board of Building Regulations and Standards
One Ashburton Place, Room 1301
Boston, MA 02108-1618

**DESCRIPTION OF BUILDING OR STRUCTURE RELATIVE TO THE MASSACHUSETTS STATE BUILDING CODE (7th EDITION):** (Check as appropriate)

If the building is a One or Two Family Dwelling, proceed to section entitled "Brief Description of the Proposed Work". **Do not complete the tables below for one and two family dwellings.**

**DESCRIPTION OF PROPOSED WORK (check all applicable)**

| New Construction | Existing Building | Repair(s) | Alteration(s) | Addition |
|---|---|---|---|---|
| Accessory Bldg. | Demolition | Other    Specify: | | |

Brief Description of Proposed Work:

**USE GROUP AND CONSTRUCTION TYPE**

| USE GROUP (Check as applicable) | | | | CONSTRUCTION TYPE | |
|---|---|---|---|---|---|
| A Assembly | A-1 | A-2 | A-3 | 1A | |
| | A-4 | A-5 | | 1B | |
| B Business | | | | 2A | |
| E Educational | | | | 2B | |
| F Factory | F-1 | F-2 | | 2C | |
| H High Hazard | | | | 3A | |
| I Institutional | I-1 | I-2 | I-3 | 3B | |
| M Mercantile | | | | 4 | |
| R Residential | R-1 | R-2 | R-3 | 5A | |
| S Storage | S-1 | S-2 | | 5B | |
| U Utility | Specify: _____ | | | | |
| M Mixed Use | Specify: _____ | | | | |
| S Special Use | Specify: _____ | | | | |

| COMPLETE THIS SECTION IF EXISTING BUILDING UNDERGOING RENOVATIONS, ADDITIONS AND/OR CHANGE IN USE | |
|---|---|
| Existing Use Group: _____ | Proposed Use Group: _____ |
| Existing Hazard Index (780 CMR 34): _____ | Proposed Hazard Index (780 CMR 34): _____ |

**BUILDING HEIGHT AND AREA**

| BUILDING AREA | Existing (if applicable) | Proposed |
|---|---|---|
| Number of Floors or stories include basement levels | | |
| Floor Area per Floor (sf) | | |
| Total Area (sf) | | |
| Total Height (ft) | | |

Brief Description of the Proposed Work:

  N/A No proposed work.

_____

_____

## STATE BUILDING CODE APPEALS BOARD - SERVICE NOTICE

I, _____Irina V. Temkina_____, as _____ x̶g̶ the

Appellant/Petitioner _____ in an appeal filed with the State

Building Code Appeals Board on _____11/9/_____ 20 _05_

**HEREBY SWEAR UNDER THE PAINS AND PENALTIES OF PERJURY THAT IN ACCORDANCE WITH THE** ~~PROCEDURES ADOPTED BY THE STATE BOARD OF BUILDING REGULATIONS AND STANDARDS~~ **AND SECTION 122.3.1 OF THE STATE BUILDING CODE, I SERVED OR CAUSED TO BE SERVED, A COPY OF THIS APPEAL APPLICATION ON THE FOLLOWING PERSON(S) IN THE FOLLOWING MANNER:**

| NAME AND ADDRESS OF PERSON/AGENCY SERVED | METHOD OF SERVICE | DATE OF SERVICE |
|---|---|---|
| Deb Paskowski, Assistant to Charles Brett | In Person | 11/8/05 |
| | | |
| | | |
| | | |
| | | |

Signature APPELLANT/PETITIONER

On the __Ninth__ Day of __November__ 200_5_ PERSONALLY APPEARED

BEFORE ME THE ABOVE NAMED. __Irina Temkina__
(Type or Print the Name of the Appellant)

AND ACKNOWLEDGED AND SWORE THE ABOVE STATEMENTS TO BE TRUE.

NOTARY PUBLIC

MY COMMISSION EXPIRES

JAMES MICHAEL KILMARTIN III
Notary Public
Commonwealth of Massachusetts
My Commission Expires
July 13, 2012

## Irina V. Temkina

125 Neck Road, Post Office Box 4017, Old Lyme, Connecticut 06371

Telephone/Facsimile: (860) 597-3020
E-mail: irina.temkina@uconn.edu

Re: Temkina v. Town of Hamilton Building Inspector
Dwelling: 521 Bridge Street, South Hamilton
Date of Order: September 15, 2005
Date Order Received: September 26, 2005

### <u>AFFIDAVIT WITH RESPECT TO RECEIPT OF BUILDING OFFICIAL'S ORDER</u>

I, Irina V. Temkina, state that I received the Hamilton Building Inspector's order dated September 15, 2005 on September 26, 2005. I had been out-of-state, and was not able to review my mail until September 26, 2005.

Sworn to under pains and penalties of perjury this ~~eighth~~ ninth day of November of the year 2005.

_____
Irina V. Temkina



JAMES MICHAEL KILMARTIN III
Notary Public
Commonwealth of Massachusetts
My Commission Expires
July 13, 2012

## Irina V. Temkina

125 Neck Road, Post Office Box 4017, Old Lyme, Connecticut 06371

Telephone/Facsimile: (860) 597-3020
E-mail: irina.temkina@uconn.edu

November 8, 2005

Re: Temkina v. Town of Hamilton Building Inspector
Dwelling: 521 Bridge Street, South Hamilton
Date of Order: September 15, 2005
Date Order Received: September 26, 2005

### MEMORANDUM IN SUPPORT OF APPEAL

This memorandum is submitted in support of the State Building Code Appeals Board
Appeal.

On September 26, 2005, I received a communication dated September 15, 2005 from the
Town of Hamilton Building Inspector, Charles Brett. The communication is attached
hereto as Exhibit A. The communication alleged several "code violations." The following
constitutes the basis for my appeal of Mr. Brett's order.

### I. The Dwelling's Front Stairs and Railing Do Not Violate the Building Code

Mr. Brett alleges that "the front stairs from egress [are] improper...[t]he risers are of non-
uniform height and too short. The top step has epoxy affixed to it that constitutes a
tripping hazard...[t]he skim coat on the top step was improperly installed. The nosing
represents a tripping hazard. The railing is particularly dangerous, with spacing of the
balusters out of code, excessive spacing between the bottom of the railing and the top of
the stairs, and bolts loose and inadequate, so that the entire railing can easily be wiggled
and is inadequate to support someone's weight."

Mr. Brett also alleges that "when I conducted a viewing of the property last August, I
observed the front stairs to be in an unacceptably dilapidated state, in violation of the
state building code."

I dispute these allegations for the following reasons.

a. Mr. Brett did not allege that the front stairs "were in an unacceptably dilapidated state"
or "in violation of the state building code" during his August 2004 inspection.
Communication concerning the results of the August 2004 inspection is attached hereto
as Exhibit B.

b. The dwelling was inspected by a HUD Housing Quality Standards inspector Stephen Bento on February 23, 2005 and the steps and railing were found to be in repair. Affidavit of HUD Inspector is attached hereto as Exhibit C.

c. The dwelling was inspected by a HUD Housing Quality Standards inspector Leo Panunzio on August 9, 2005 and the steps and railing were found to be in repair. HUD re-inspection report is attached hereto as Exhibit D.

d. An independent inspection confirms that the stairs satisfy 780 CMR 3603.13.2, Treads and risers:

*"The maximum riser height shall be 8 1/4 inches (210 mm) and the minimum tread depth shall be nine inches (229 mm). The riser height shall be measured vertically between leading edges of the adjacent treads. The tread depth shall be measured horizontally between the vertical planes of the foremost projection of adjacent treads and at a right angle to the tread's leading edge. The walking surface of treads and landings of a stairway shall be sloped no steeper than one unit vertical in 48 units horizontal (2% slope). The greatest riser height within any flight of stairs shall not exceed the smallest by more than 3/8 inch (9.5 mm) and any two successive risers shall not deviate by more than 3/16-inch in height. The greatest tread depth within any flight of stairs shall not exceed the smallest by more than 3/8 inch (9.5 mm) and any two successive treads shall not deviate in depth by more than 3/16-inch"*

and 780 CMR 3603.13.2.1, Nosings:

*"Nosings shall not project more than 1 1/2 inches beyond the face of the riser below."*

The stairs are not otherwise improperly installed or represent a tripping hazard.

e. Mr. Brett cites no sections of the Code with respect to the railing, and his allegations are vague and do not state a violation of the Code. Mr. Brett does not even allege that railings are required under the Code. Nor does Mr. Brett cite a specific Code provision with respect to handrails. See e.g., 780 CMR 1615.5 (prescribing guardrail and handrail structural loading conditions); 780 CMR 1022.2 (prescribing handrail specifications).

The handrail does not violate the Code.

## II. The Absence of Smoke Detectors in the Dwelling's Bedrooms Does Not Violate the Building Code

Mr. Brett alleges that there are no "smoke detectors in the bedrooms." Smoke detectors in bedrooms are required under the current State Building Code only in "one and two family dwellings...constructed" after 1998. 780 CMR 3603.16.1; See also September 1, 2004 State Fire Marshal Advisory, attached hereto as Exhibit E. Homes built prior to 1975 need comply only with G.L. c. 148 § 26E, which require smoke detectors "on each level

of habitation and on the basement level." Exhibit E. The Board of Health may not "impose additional or differing smoke detector requirements." 105 CMR 410.482.

The home was constructed in 1973. Assessor's Field Card is attached hereto as Exhibit F.

Mr. Brett imposes the requirements of 780 CMR 3603.16.13 on the dwelling. That section states that "when one or more sleeping rooms are added or created in existing dwellings, the entire building shall be provided with smoke detectors designed and located as required for new dwellings." No sleeping rooms have ever been added to the dwelling, which is and always has been a four bedroom property. See Exhibit F. The only alteration to the dwelling was a conversion of a garage to an office/workshop in May 1999. Building/Occupancy Permit B99-33 is attached hereto as Exhibit G. At that time the home was inspected and no smoke detector violations were found. See Exhibit G. Consequently, "the lack of installation of non required detectors" cannot serve as a basis for a violation "if the appropriate system has been installed." Exhibit E.

Very truly yours,

Irina V. Temkina

# EXHIBIT A



**Town of Hamilton**
**Building Department**
**577 Bay Road**
**Hamilton, MA  01936**
**978-468-5585**

September 15, 2005

**CERTIFIED MAIL – RETURN RECEIPT REQUESTED**

Irina V. Temkina
125 Neck Road
PO Box 4017
Old Lyme, CT  06371

Re:    521 Bridge Street
         Code Violations

Dear Ms. Temkina:

        This letter is in replacement of the letter sent to you on September 12, 2005.  On September 12th, the following inspectors met at 521 Bridge Street to inspect the premises for building, electrical and plumbing/gas code violations:

         Charles Brett-Building Inspector
         Robert Brown-Electrical Inspector
         William Thomas-Plumbing & Gas Inspector

The following are the code violations that were observed to exist:

Building Inspector:

Front stairs from egress improper. 780 CMR 3603.13.2(Treads and Risers) and 780 CMR 3603.13.2.1(Nosings).  As you will recall, when I conducted a viewing of the property last August, I observed the front stairs to be in an unacceptably dilapidated state, in violation of the state building code.  While the condition of the stairs has changed since then, it remains in a condition that is still in violation.  The risers are of non-uniform height and too short.  The top step has epoxy affixed to it that constitutes a tripping hazard.  It appears that you attempted in the past to affix it in place with the epoxy and when that failed, the top was flipped over and the tread mortared in place with the old epoxy left on.  The skim coat on the top step was improperly installed.  The nosing represents a tripping hazard.  The railing is particularly dangerous, with spacing of the balusters out of code, excessive spacing between the bottom of the railing and the top of the stairs, and bolts loose and inadequate, so that the entire railing can be easily wiggled and is inadequate to support someone's weight.

Inadequate number of smoke detectors.  780 CMR 3603.16.10, .13.

Inadequate number of smoke detectors. 780 CMR 3603.16.10, .13.

Electrical Inspector: There are no GFI outlets in the bathroom. *See* NEC Article 210.8. It is apparent that there has been work done in this room because a hole that was observed in August next to one of the outlets was no longer present at this latest inspection. When electrical work is performed in an area that is required by Code to have GFI outlets, the existing outlets must be upgraded to GFI outlets. This upgrade has not occurred.

The department is concerned that you have had electrical work done by a person for hire but without applying for an electrical permit, in violation of Mass. Gen. L. c. 143, § 3L. Although an electrician recently obtained a building permit to do work on the premises, the department is aware that earlier this summer you attempted to have electricians perform work but refused to apply for a permit, despite your tenant's ins istence that a permit be obtained as required.

There is only one electrical meter located at this property. This is consistent with the zoning by-law, which prohibits the property from being rented out as more than one dwelling unit.

Plumbing/Gas Inspector:

Faulty mixing valve on shower. 248 CMR 10.10.4. The diverter button between the shower head and the faucet does not work properly.

The hot water heater was installed in a closet that was screwed shut. The closet door should be unscrewed so that inspectors and contractors may access the heater for maintenance, repair and inspection as needed. It is unsafe to leave the heater behind a door that is screwed shut.

I understand that the Health Agent has sent you a letter noting further violations within his purview. This letter is to be viewed in conjunction with those violations.

This inspection occurred at the request of your upper level tenant to follow up on zoning and building code violations that I first observed and notified you about last August. These violations should be corrected within 14 days from receipt of this letter. If you have any further questions, please feel free to contact this office.

Sincerely,

Charles Brett
Inspector of Buildings
Zoning Enforcement Officer

cc:    Dawn Goodwin, Beverly Housing Authority
       Lori Fonseca, NSCAP
       Donna MacKenna, Town Counsel
       Bd. Of Health

# EXHIBIT B



**Town of Hamilton**
**Building Department**
**577 Bay Road**
**Hamilton, MA 01982**
**978-468-5585**



**CERTIFIED MAIL – RETURN RECEIPT REQUESTED**

August 19, 2004

Elliot Temkin
Irina Temkina
50 Waterside Lane
West Hartford, Ct 06107

Dear Sir/Madam:

Please be advised that the property located at 521 Bridge Street, Hamilton, MA., is in violation of several by-law and life safety codes:

Some of which include:

Means of Egress (Blocked)
Smoke Detectors
Water Supply
Electrical Violations
Hand Rails by Main Egress
Number of Bedrooms exceeds Title V System
Illegal Apartment, No Special Permit Obtained from Zoning Board of Appeals
No Anti-Scald Valve in Upstairs Apartment
No GFI Outlets in Bathrooms with Hole Cut in Wall Next to Outlet
Non Payment of Municipal Tax and Water Bills

It is my intention as Zoning Enforcement Officer and Building Inspector to issue a **CEASE & DESIST** order, and to have the **premises vacated by next Tuesday, August 24, 2004.** I have advised your tenants to withhold payment of rent until this matter is concluded.

Contact this office immediately so that these unsafe conditions can be corrected.

Regards,

*Charles Brett*

Charles Brett
Inspector of Buildings
Zoning Enforcement Officer

Cc:   Board of Health
       Fire Department
       Police Department
       Board of Selectmen
       Zoning Board of Appeals

**Enclosures**

# EXHIBIT C

### Statement of Stephen M. Bento

I, Stephen M. Bento, swear and affirm that I am a certified Housing Quality Standards Inspector. I have received my training through Mann-McKay. I was employed as Housing Quality Standards Inspector by PHI Inspections, Plymouth, Massachusetts through June 2005. In this capacity, I have conducted HQS inspections for public housing authorities throughout the Commonwealth of Massachusetts.

I inspected Rhonda Baker's unit at 521 Bridge Street, South Hamilton on February 16, 2005 and February 23, 2005. I am familiar with the unit, having inspected it on two occasions prior to February of 2005. The unit passed inspection on February 23, 2005, after the owner corrected minor defects which existed on February 16, 2005, consisting of ripped screens and unfinished surfaces. On February 23, 2005, Ms. Baker's unit was in full compliance with HQS, and I reported this to the Beverly Housing Authority.

Sworn to under pains and penalties of perjury this 11th day of September, 2005.

Stephen M. Bento
33 West Avenue
Kingston, MA 02364
(781) 582-0670 (telephone)
(339) 832-3087 (cellular)

## PHI INSPECTIONS

| NAME OF FAMILY | PHONE NO. | TENANT I.D. NO. |
|---|---|---|
| Rhonda Baker | 207-852-2646 | |

| INSPECTOR | NEIGHBORHOOD/CENSUS TRACT | DATE OF INSPECTION |
|---|---|---|
| | | 2/16/05 |

| TYPE OF INSPECTION | ☑ Initial | ☐ Special | ☐ Annual | ☐ Other | DATE OF LAST INSPECTION |
|---|---|---|---|---|---|

### A - GENERAL INFORMATION

| STREET | CITY | COMMENTS: | HOUSING TYPE (Check as appropriate) |
|---|---|---|---|
| 521 Bridge St | South Hamilton | OVERALL COND. IS GOOD. | ___ Single Family Detached |

| COUNTY | STATE | ZIP | |
|---|---|---|---|
| | Ma | 01982 | |

___ Semi-Detached
✓ Row House/Town House/ Duplex
___ Low Rise
___ High Rise w/elevator
___ Manufactured
___ Other

| NAME OF OWNER OR AGENT AUTHORIZED TO LEASE UNIT INSPECTED | PHONE NO. |
|---|---|
| Tyura Temkina | 860 651-5359 |

| ADDRESS OF OWNER OR AGENT |
|---|
| 45 Seminary Rd Simsbury, CT 06070 |

### B - SUMMARY DECISION ON UNIT (To be completed after form has been filled out)

| ☑ Pass | ☒ Fail | ☐ Inconclusive | Number of Bedrooms for Purposes of the FMR or Payment Standard | Number of Sleeping Rooms |
|---|---|---|---|---|
| PASS 2/23/05 SB | | | | 4 |

### INSPECTION CHECKLIST

| ITEM NO. | 1. LIVING ROOM | YES PASS | NO FAIL | IN CONC. | COMMENT | FINAL APPROV. INITIAL/DATE |
|---|---|---|---|---|---|---|
| 1.1 | Living Room Present | ✓ | | | | |
| 1.2 | Electricity | ✓ | | | | |
| 1.3 | Electrical Hazards | ✓ | | | | |
| 1.4 | Security | ✓ | | | | |
| 1.5 | Window Condition | ✓ | | | | |
| 1.6 | Ceiling Condition | ✓ | | | | |
| 1.7 | Wall Condition | ✓ | | | | |
| 1.8 | Floor Condition | ✓ | | | HARDWOOD GOOD | |
| 1.9 | Lead-Based Paint ... | | | | ☑ Not Applicable | |

| ITEM NO. | 2. KITCHEN | YES PASS | NO FAIL | IN CONC. | COMMENT | FINAL APPROV. INITIAL/DATE |
|---|---|---|---|---|---|---|
| 2.1 | Kitchen Area Present | ✓ | | | D/W G'D | |
| 2.2 | Electricity | ✓ | | | | |
| 2.3 | Electrical Hazards | ✓ | | | | |
| 2.4 | Security | ✓ | | | | |
| 2.5 | Window Condition | ✓ | | | | |
| 2.6 | Ceiling Condition | ✓ | | | | |
| 2.7 | Wall Condition | ✓ | ✗ | | UNFINISHED SURFACE | 2/23/05 |
| 2.8 | Floor Condition | ✓ | | | TILE NEW | |
| 2.9 | Lead-Based Paint ... | | | | ☑ Not Applicable | |
| 2.10 | Stove or Range with Oven | ✓ | | | ELEC. | |
| 2.11 | Refrigerator | ✓ | | | | |
| 2.12 | Sink | ✓ | | | | |
| 2.13 | Space for Storage and Preparation of Food | | | | | |

| ITEM NO. | 3. BATHROOM | YES PASS | NO FAIL | IN CONC. | COMMENT | FINAL APPROV. INITIAL/DATE |
|---|---|---|---|---|---|---|
| 3.1 | Bathroom Present | ✓ | | | | |
| 3.2 | Electricity | ✓ | | | | |
| 3.3 | Electrical Hazards | ✓ | | | | |
| 3.4 | Security | ✓ | | | | |
| 3.5 | Window Condition | ✓ | | | | |
| 3.6 | Ceiling Condition | ✓ | | | | |
| 3.7 | Wall Condition | ✓ | | | | |
| 3.8 | Floor Condition | ✓ | | | VINYL GOOD | |
| 3.9 | Lead-Based Paint ... | | | | ☑ Not Applicable | |
| 3.10 | Flush Toilet in Enclosed Room in Unit | ✓ | | | | |
| 3.11 | Fixed Wash Basin or Lavatory in Unit | ✓ | | | | |
| 3.12 | Tub or Shower in Unit | ✓ | | | | |
| 3.13 | Ventilation | ✓ | | | | |

| ITEM NO. | 4. OTHER ROOMS USED FOR LIVING AND HALLS | YES PASS | NO FAIL | IN CONC. | COMMENT | FINAL APPROV. INITIAL/DATE |
|---|---|---|---|---|---|---|
| 4.1 | Room Code* and Room Location | ☐ (Circle One) Right/Center/Left | | | (Circle One) Front/Center/Rear | Floor Level |
| 4.2 | Electricity/Illumination | | | | | |
| 4.3 | Electrical Hazards | | | | | |
| 4.4 | Security | | | | | |
| 4.5 | Window Condition | ✓ | ✗ | | MISSING SCREEN | 2/23/05 |
| 4.6 | Ceiling Condition | | | | | |
| 4.7 | Wall Condition | | | | | |
| 4.8 | Floor Condition | | | | CARPET GOOD | |
| 4.9 | Lead-Based Paint ... | | | | ☑ Not Applicable | |

*still missing 5/16/05

*ROOM CODES  1 = Bedroom or any other room used for sleeping (Regardless of type of room)  3 = Second Living Room, Family Room, Den, Playroom, TV Room  5 = Additional Bathroom
2 = Dining Room, or Dining Area  4 = Entrance Halls, Corridors, Halls, Staircases  6 = Other

AGENCY COPY - WHITE          LANDLORD COPY - YELLOW          FAIL COPY - PINK

| ITEM NO. | D. OTHER ROOMS USED FOR LIVING AND HALLS (PASS/FAIL ONE) | YES PASS | NO FAIL | INC. CONC. | COMMENTS | FINAL APPROV. INITIAL/DATE |
|---|---|---|---|---|---|---|
| 4.1 | Room Code* and Room Location | | ☐ | (Circle One) Right/Center/Left | (Circle One) Front/Center/Rear | Floor Level |
| 4.2 | Electricity/Illumination | | | | | |
| 4.3 | Electrical Hazards | | | | | |
| 4.4 | Security | | | | Still Torn 5/16/05 | |
| 4.5 | Window Condition | Ⓥ | X | TORN SCREEN ← | | 2/23/05 |
| 4.6 | Ceiling Condition | | | | | |
| 4.7 | Wall Condition | | | | | |
| 4.8 | Floor Condition | | | | | |
| 4.9 | Lead-Based Paint *Are all peeled surfaces free of deteriorated paint? If not, do deteriorated surfaces exceed two square feet per room and/or is more than 10% of a component? | | | CARPET PAIR - STAINS ☐ Not Applicable | | |
| 4.1 | Room Code* and Room Location | | ☐ | (Circle One) Right/Center/Left | (Circle One) Front/Center/Rear | Floor Level |
| 4.2 | Electricity/Illumination | | | | | |
| 4.3 | Electrical Hazards | | | | | |
| 4.4 | Security | | | | Still Torn 5/16/05 | |
| 4.5 | Window Condition | Ⓥ | X | TORN SCREEN ← | | 2/23/05 |
| 4.6 | Ceiling Condition | | | | | |
| 4.7 | Wall Condition | | | | | |
| 4.8 | Floor Condition | | | | | |
| 4.9 | Lead-Based Paint *Are all peeled surfaces free of deteriorated paint? If not, do deteriorated surfaces exceed two square feet per room and/or is more than 10% of a component? | | | CARPET PAIR - STAINS ☐ Not Applicable | | |
| 4.1 | Room Code* and Room Location | | ☐ | (Circle One) Right/Center/Left | (Circle One) Front/Center/Rear | Floor Level |
| 4.2 | Electricity/Illumination | ✓ | | | | |
| 4.3 | Electrical Hazards | ✓ | | | | |
| 4.4 | Security | ✓ | | | | |
| 4.5 | Window Condition | | | NONE | OPENABLE SLIDING GLASS DOOR - FAIL-PAS | 2/23/05 |
| 4.6 | Ceiling Condition | ✓ | | | MISSING SCREEN ON SLIDER | |
| 4.7 | Wall Condition | Ⓥ | X | | UNFINISHED SURFACE | 2/23/05 |
| 4.8 | Floor Condition | | | | HARDWOOD NEW | |
| 4.9 | Lead-Based Paint *Are all peeled surfaces free of deteriorated paint? If not, do deteriorated surfaces exceed two square feet per room and/or is more than 10% of a component? | | | ☑ Not Applicable | | |

*ROOM CODES 1 = Bedroom or any other room used for sleeping (Regardless of type of room)    3 = Second Living Room, Family Room, Den, Playroom, TV Room    5 = Additional Bathroom
2 = Dining Room, or Dining Area    4 = Entrance Halls, Corridors, Halls, Staircases    6 = Other

| ITEM NO. | E. ALL SECONDARY ROOMS (Rooms not used for living) | YES PASS | NO FAIL | INC. CONC. | COMMENT | FINAL APPROV. INITIAL/DATE |
|---|---|---|---|---|---|---|
| 5.1 | NONE ☐ Go to Part 6 | | | | | |
| 5.2 | Security | | | | | |
| 5.3 | Electrical Hazards | | | | | |
| 5.4 | Other Potentially Hazardous Features in any of these Rooms | | | | | |

| ITEM NO. | F. BUILDING EXTERIOR | YES PASS | NO FAIL | INC. CONC. | COMMENT | FINAL APPROV. INITIAL/DATE |
|---|---|---|---|---|---|---|
| 6.1 | Condition of Foundation | ✓ | | | | |
| 6.2 | Condition of Stairs, Rails, and Porches | ✓ | | | | |
| 6.3 | Condition of Roof and Gutters | ✓ | | | | |
| 6.4 | Condition of Exterior Surfaces | ✓ | | | | |
| 6.5 | Condition of Chimney | ✓ | | | | |
| 6.6 | Lead Paint: Exterior Surfaces *Are all peeled surfaces free of deteriorated paint? If not, do deteriorated surfaces exceed two square feet or is a total exterior surface area? | | | ☑ Not Applicable | | |
| 6.7 | Manufactured Homes: Tie Downs | | | ☑ Not Applicable | | |
| 6.8 | Manufactured Homes: Smoke Detectors | | | ☑ Not Applicable | | |

| ITEM NO. | G. HEATING & PLUMBING | YES PASS | NO FAIL | INC. CONC. | COMMENTS | FINAL APPROV. INITIAL/DATE |
|---|---|---|---|---|---|---|
| 7.1 | Adequacy of Heating Equipment | ✓ | | | GEC | |
| 7.2 | Safety of Heating Equipment | ✓ | | | | |
| 7.3 | Ventilation/Cooling | ✓ | | | | |
| 7.4 | Water Heater | ✓ | | | GEC | |
| 7.5 | Approvable Water Supply | ✓ | | | | |
| 7.6 | Plumbing | ✓ | | | | |
| 7.7 | Sewer Connection | ✓ | | | | |

| ITEM NO. | H. GENERAL HEALTH AND SAFETY | YES PASS | NO FAIL | INC. CONC. | COMMENTS | FINAL APPROV. INITIAL/DATE |
|---|---|---|---|---|---|---|
| 8.1 | Access to Unit | ✓ | | | | |
| 8.2 | Fire Exits | ✓ | | | | |
| 8.3 | Evidence of Infestation | ✓ | | | | |
| 8.4 | Garbage and Debris | ✓ | | | | |
| 8.5 | Refuse Disposal | ✓ | | | | |
| 8.6 | Interior Stairs and Common Halls | ✓ | | | | |
| 8.7 | Other Interior Hazards | ✓ | | | | |
| 8.8 | Elevators | | | ☑ Not Applicable | | |
| 8.9 | Interior Air Quality | ✓ | | | | |
| 8.10 | Site and Neighborhood Conditions | ✓ | | | | |
| 8.11 | Smoke Detectors on Every Level | ✓ | | | | |
| 8.12 | Lead Paint: Owner Certification | | | ☑ Not Applicable | | |

**8.12 LEAD PAINT: OWNER CERTIFICATION**

If the owner is required to correct any lead-based paint hazards at the property including deteriorated paint or other hazards identified by a visual assessor, a certified lead-based paint risk assessor, or certified lead-based paint inspector, the PHA must obtain certification that the work has been done in accordance with all applicable requirements of 24 CFR Part 35. The Lead-Based Paint Owner Certification must be received by the PHA before the execution of the HAP contract or within the time period stated by the PHA in the owner HQS violation notice. Receipt of the completed and signed Lead-Based Paint Owner Certification signifies that all HQS lead-based paint requirements have been met and no re-inspection by the HQS inspector is required.

Tenant Signature _____

Date _____

Landlord/Agent Signature _____ Date 2/11/05

Inspector's Signature _Stephen M Bell_ Date 2/16/05

# EXHIBIT B



**Hamilton Fire Department**
265 Bay RD ,
Hamilton, MA 01982

**FIRE & LIFE SAFETY INSPECTION**

**NOTICE OF VIOLATION**



Inspection Notice
**CONSULTATION - Fire Alarm**

**February 28, 2006**

**521 Bridge Street**
**521 BRIDGE ST**

Occupancy ID: **BRID0521**

**Hamilton, MA 01982**

An inspection of your facility on February 28, 2006        revealed the violations listed below.

> In accordance with Massachusetts General Laws (MGL), (Terr. Ed. as amended) Chapter 148,
> Sections 9, 10, 10B, 15, 38D, 38E, 38G, 38H,
> and Board of Fire Prevention regulation, 527 CMR Code of Massachusetts Regulation as amended

We will re-inspect for compliance on/or after

| Code | Location | Number |
|------|----------|--------|
| 148.28.A Violation of Building Code | 148 | 28.A |

The head of the fire department or any person designated by him who, in the performance of his official duties, observes any condition which he believes to be a violation of any provision of the state building code or any amendments thereto, shall report the same to the authority charged with the enforcement of such provision.

| Code | Location | Number |
|------|----------|--------|
| 1.06.5 Building Code Violations | 1.06 | 5 |

The head of the fire department or any person designated by him who, in the performance of his official duties, observes any condition which he believes to be a violation of any provision of 780 CMR, shall report the same to the authority charged with the enforcement of such provision. (M.G.L. c. 148, § 28A).

Upon a request of the owner an inspection was conducted on 28-2-06, it was discovered that there was a fith (5) bedroom located on the lower level off the large room left of the base of the staircase. There was also a second kitchen located in the lower level. At this time I am in the opinion that this is set-up as a two (2) family dwelling. This would require at a minimum hard wired interconnected smoke detectors on all levels and outside the bedroom areas, and possibly in every bedroom.

_____

**Parsons, Daniel E**
**Inspector**

For your records
_____

**Irina Temkina**
**Occupant/Manager/Owner**

# EXHIBIT C



# The Commonwealth of Massachusetts
## Department of Public Safety
### Board of Building Regulations and Standards
One Ashburton Place, Room 1301
Boston, Massachusetts 02108-1618
Phone (617) 727-3200
Fax (617) 227-1754

**Mitt Romney**
Governor

**Kerry Healey**
Lieutenant Governor

**Robert C. Haas**
Secretary

**Thomas G. Gatzunis, P.E.**
Commissioner

**Gary Moccia**
Chairman

**Stanley Shuman**
Vice Chairman

**Robert Anderson**
Deputy Administrator

---

## STATE BUILDING CODE APPEALS BOARD

Date:            April 6, 2006

Name of Appellant:        Irina Temkina
Service Address:          125 Neck Road, P.O. Box 4017
                          Old Lyme, CT. 06371

<u>In reference to:</u>
Docket Number:            05-193

Property Address:         10 Industrial Court
                          Seekonk, MA. 02771

Date of Hearing:          February 28, 2006

We are pleased to enclose a copy of the decision relative to the above case wherein certain variances from the State Building Code had been requested.

Sincerely:

STATE BUILDING CODE APPEALS BOARD

*Patricia Barry*
Patricia Barry, Clerk

cc:    State Building Code Appeals Board
       BBRS Program Manager

## COMMONWEALTH OF MASSACHUSETTS
## BUILDING CODE APPEALS BOARD

**In the Matter of:**     528 Bridge Street, South Hamilton, MA

**Docket Number:**     05-193

**Appellant:**     Irina Temkina

**Hearing Date:**     February 28, 2006

**Present:**     Irina Temkina, Elliott Tiomkin, Charles Brett, Debra Paskowski,
Keith Hoyle, Harry Smith, Brian Gale and Patricia Barry

## INTRODUCTION

Pursuant to M.G.L. Ch. 143, section 100, M.G.L. Ch. 30A, and 801 CMR 1.02 and 1.03, a hearing was held before the Building Code Appeals Board (the "Board") in Wellesley, Massachusetts on February 28, 2006, to consider the appeal of Irina Temkina (hereinafter referred to as "Appellant"). The Appellant, the Hamilton Building Commissioner and the Hamilton Fire Department were notified of the hearing by first class mail sent February 16, 2006.

All witnesses were duly sworn at the start of the hearing. The proceedings were recorded, and the digital sound recording of the proceeding is available at the Office of the Board, in the Department of Public Safety, upon request and reasonable advance notification. The following findings and conclusions are based upon the testimony and documents offered by the witnesses, as well as the administrative records of the Board.

## FINDINGS OF FACT

1.     The Appellant is Irina Temkina, having an address of 125 Neck Street, Old Lyme, Connecticut.

2.     The property affected by this Decision is located at 521 Bridge Street in Hamilton, Massachusetts.

3.     Appellant is appealing a finding of Building Code Violations made by the Building Department from the Town of Hamilton dated September 15, 2005. They were: improper egress on front stairs as to treads and risers (780 CMR (Sixth Edition) section 3603.13.2), improper nosings (section 3603.13.1), lack of proper handrail (section 3603.14.1.1), and inadequate number of smoke detectors on site (section 3603.16.10).

4.      The property is a residence owned by the Appellant which is presently being leased to a single family, i.e., a mother and her three children.

5.      Appellant and her family lived at the premises for a time in 1999. Prior to moving out, the Appellant caused to be converted the garage into a kitchen and a room described by the Appellant's son as an "office workshop."

6.      Notwithstanding the sugar coating, the "office workshop" was used as a bedroom while the Appellant rented out the premises to two separate tenants, the "upstairs" tenant and the "downstairs" tenant, for an approximate one-year period.

7.      It is Appellant's view now that whatever conditions existed in the past, in its present incarnation, the premises are being used as a single-family residence.

8.      With respect to the issue of the stairs, the testimony of the Appellant's son was self-contradictory. He testified that when they first purchased the house, there was no railing on the exterior stairway. He then testified that "we" removed the railing because it was improperly installed. Photographs from 2004, show a railing on one side of the stairway, but a photograph of the stairway as it currently exists shows no railing.

9.      A report from the Hamilton Fire Department dated February 28, 2006 (the same day that the hearing was conducted), states that as of the day of the inspection "it was discovered that there was a fith (sic) (5) bedroom located on the lower level off the large room left of the base of the staircase. There was also a second kitchen located in the lower level." The conclusion of the inspector of the Hamilton Fire Department was "that this was set-up as a two (2) family dwelling. This would require at a minimum hard wired interconnected smoke detectors on all levels and outside the bedroom areas, and possibly in every bedroom."

## CONCLUSION AND ORDER

While the Hamilton Fire Department is in no better position than the Building Department to make a finding of fact concerning whether a structure is useable as a two-family dwelling, the report of February 20, 2006, simply confirms the testimony of the Appellant's son that at times in the past there were two separate tenants leasing this structure. The Appellant did not offer any testimony as to what the reason would be for the addition of a kitchen to a structure that previously functioned as a single-family residence, other than, which the Board infers, for the creation of a second rental unit. The railing on the stairway which was observed by the Building Department on September 12, 2005, to be "particularly dangerous, with spacing of the ballusters out of code, excessive spacing between the bottom of the railing and the top of the stairs, and bolts loose and inadequate, so that the entire railing can be easily wiggled and is inadequate to support someone's weight," was simply removed by the Appellant prior to the time that the inspection was made and the hearing was conducted. That is not an adequate response to

the violation notice.

Accordingly, upon motion made and duly seconded it was unanimously:

*Voted, to uphold the order of the Inspector of Buildings dated September 15, 2005, with respect to the inadequacy of the front stairs concerning treads and risers (780 CMR (Sixth Edition) 3603.13.2), nosings (Section 3603.13.2.1), and handrail (Section 3603.14.1.1 ), and also based on the inadequate number of smoke detectors in accordance with Section 3603.16.10, 13.*

**SO ORDERED,**

**KEITH HOYLE**

**BRIAN GALE**

**HARRY SMITH**

DATED:  April 6, 2006

In accordance with MGL, Chapter 30A, Section 14, any person aggrieved by this decision may appeal the decision to a court of competent jurisdiction within 30 days.

# EXHIBIT D

# The Commonwealth of Massachusetts
## Department of Public Safety
### One Ashburton Place, Room 1301
### Boston, Massachusetts 02108-1618
### Phone (617) 727-3200
### Fax (617) 727-5732

**Mitt Romney**
Governor

**Kerry Healey**
Lieutenant Governor

**Edward A. Flynn**
Secretary

**Thomas G. Gatzunis, P.E.**
Commissioner

March 7, 2006

RECEIVED
MAR 14 2006
By _____

Donna Brewer MacKenna
Casner & Edwards, LLP
303 Congress Street
Boston, MA 02210

**Re: Public Records Request**

Dear Ms. MacKenna,

  Enclosed please find documents responsive to your request for a copy of the file on Massachusetts State Building Code Appeal #05-193 regarding 521 Bridge Street, So. Hamilton, MA.

Sincerely,

Todd M. Grossman
Deputy General Counsel