UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES BRETT, BUILDING INSPECTOR OF TOWN OF HAMILTON,<br>    Plaintiff,<br><br>    v.<br><br>IRINA V. TEMKINA,<br><br>    Defendant. | C.A. No. 05-11542 RGS |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS
MOTION FOR SANCTIONS AGAINST NON-PARTY WITNESS**

Plaintiff Building Inspector of the Town of Hamilton is suing Ms. Temkina for state building code and local zoning by-law violations arising from the rental of a single family residence that Ms. Temkina owns, located at 521 Bridge St., Hamilton, MA (the "Property"). By Discovery Order dated March 3, 2006, all non-expert depositions were to be completed by June 30, 2006. Elliott Tiomkin, Ms. Temkina's son with knowledge of the property and its rental history, was served with a subpoena to appear for deposition on June 30, 2006. He did not appear on that date and has refused to appear for any date thereafter. He is expected, however, to be proffered as a witness at trial or perhaps by affidavit in opposition to plaintiff's motion for summary judgment, filed on this date. Ms. Temkina should not be permitted to benefit from Mr. Tiomkin's testimony when he has willfully refused to comply with the subpoena. He should be barred from presenting

any testimony in this matter and he should be ordered to pay the plaintiff's costs incurred with the court reporter when he failed to show.

FACTS

The Building Inspector originally filed this case in Essex County Superior Court. Ms. Temkina removed it to federal court claiming that she was a resident of Old Lyme, Connecticut. *See* Notice of Removal, July 15, 2005. Mr. Tiomkin represented to this Court that he lived at the same address as his mother in Old Lyme, Connecticut in his signature block appended to Defendant's Answer and Counterclaim dated September 29, 2005.

Old Lyme, CT is more than 100 miles from Boston, MA. Therefore, while plaintiff was desirous to taking Mr. Tiomkin's deposition, he was more than 100 miles from the place of deposition and therefore outside the ordinary reach of a subpoena. Fed. R. Civ. P. 45(b)(2).

Ms. Temkina was deposed on June 28, 2006. Mr. Tiomkin appeared at plaintiff's counsel's office with his mother. Since Mr. Tiomkin was within subpoena range, plaintiff's counsel was able to arrange for service of a deposition subpoena by hand on him to appear on June 30, 2006, within the discovery deadline. *See* the Subpoena Duces Tecum with Return of Service attached to the affidavit of Donna Brewer MacKenna as Exhibit A.

By letter emailed to counsel dated June 28, 2006, Mr. Tiomkin stated that "due to a California Bar requirement," he would be unable to attend, but stated that he would be "free to appear on an alternative date." See Exhibit B to MacKenna affidavit. His return address was given as "University of Connecticut School of Law." Counsel responded by

requesting that Mr. Tiomkin provide counsel with dates of availability "in the next two weeks." See Exhibit C to MacKenna affidavit.

On Friday, June 30, 2006, Mr. Tiomkin sent an email stating that he could be available for deposition the following Monday, the Monday between the weekend and July 3rd. See Exhibit D to MacKenna affidavit. Like many offices, counsel's office was closed that day for the July 4th holiday. Counsel responded by requesting availability any day after July 4th. Exhibit D to MacKenna affidavit.

By email sent the afternoon of Sunday, July 9, 2006, Mr. Tiomkin sent a letter to counsel dated July 7th in which he stated he would be unavailable for deposition until after August 1st. For the first time, however, he took the position that he was no longer under an obligation to appear pursuant to the subpoena duly served on June 28th because the discovery deadline had expired on June 30th. He claimed that a new subpoena would have to be issued after the plaintiff obtained a court order permitting the deposition to proceed. See Exhibit E to MacKenna affidavit.

Counsel sent a return emailed letter to Mr. Tiomkin on July 10, 2006. Counsel noted that the original date for deposition, within the time for discovery, was postponed only to accommodate his request for a different date. After determining the dates for the California bar examination, counsel proposed 4 dates for deposition to occur after his obligation to sit for the exam was over. See Exhibit F to MacKenna affidavit.

Mr. Tiomkin responded by emailed letter dated July 12, 2006. While he proposed that he would be available for deposition on August 3rd, he expressly represented that he would only attend on that date if plaintiff went to the expense of obtaining a modification of the court's discovery order. In doing so, he falsely claimed that his June 28th email in

3

which he requested the postponement was notification that the subpoena was "facially invalid." See Exhibit G to MacKenna affidavit.

By emailed letter dated July 13, 2006, Mr. Tiomkin was again informed that the subpoena was valid, that plaintiff was not required to obtain any court order and while counsel was not available to take his deposition on August 3rd, she expected Mr. Tiomkin to present himself for deposition on Monday, August 21st. See Exhibit H to MacKenna affidavit. Counsel heard nothing further from Mr. Tiomkin for 38 days. On the evening of Sunday, August 20, 2006, Mr. Tiomkin sent an emailed letter to counsel in which he stated that that he would not appear for deposition the next morning. His return address was given as Palo Alto, CA. See Exhibit I to MacKenna affidavit. Since the letter was not received until counsel appeared for work the morning of the day set for the deposition, counsel was required to pay a late fee cancellation to the court reporter in the amount of $200.00. See Exhibit J to MacKenna affidavit.

ARGUMENT

Mr. Tiomkin has never moved to quash the subpoena. To the extent that he belatedly claimed that the two days' notice was unreasonable, he should have raised such a claim in a motion for a protective order. Fed. R. Civ. P. 45(c)(3)(A)(i); *Aetna Casualty and Surety Co. v. Rodco Autobody*, 130 F.R.D. 2, 3 (D. Mass. 1990). It is customary for counsel to accommodate requests for postponement for good cause, and in this case plaintiff's counsel agreed to accommodate Mr. Tiomkin's request. Had counsel known that Mr. Tiomkin never attended to appear pursuant to the June 28th subpoena, that accommodation would not have been made.

The plaintiff is entitled to sanctions for Mr. Tiomkin's contempt of the subpoena. *Tranchant v. Environmental Monitoring Service, Inc.,* 2001 U.S. Dist. LEXIS 16320 (E.D. La. 2001). The difficulty is determining what sanction is appropriate for this non-party witness's failure to comply. There are few meaningful sanctions in this circumstance. At the least, Mr. Tiomkin should be ordered to pay the costs incurred by the plaintiff for his last minute notification that he refused to appear. As a recent law school graduate and future member of the bar, he should not need to be told that subpoenas cannot be willfully disregarded. The $200 sanction will underline this message. *See Aetna Casualty and Surety Co.,* 130 F.R.D. at 4.

The monetary sanction alone will not protect the plaintiff from the potential adverse effects of Mr. Tiomkin's non-compliance. The Court has discretion to choose the most appropriate sanction under the circumstances. *Keefer v. Provident Life and Accident Ins. Co.,* 238 F.3d 937, 941 (8th Cir. 2000). It would be highly unfair and prejudicial to the plaintiff were Mr. Tiomkin to submit an affidavit or appear at trial to testify on his mother's behalf when the plaintiff has had no opportunity to depose him. In this instance, the most appropriate sanction would be to bar Mr. Tiomkin from testifying on behalf of his mother. *See Johnson v. J.B. Hunt Transport, Inc.,* 280 F.3d 1125, 1132 (7th Cir. 2002) (affirming District Court's prohibition of two witnesses not tendered for deposition).

For these reasons, plaintiff Building Inspector of the Town of Hamilton requests that its motion for sanctions be granted.

Dated: October 20, 2006

Respectfully submitted,
CHARLES BRETT, BUILDING INSPECTOR
OF TOWN OF HAMILTON,

By: */s/ Donna Brewer MacKenna*
Donna B. MacKenna, B.B.O. No. 545254
CASNER & EDWARDS, LLP
303 Congress Street
Boston, MA  02210
(617) 426-5900
mackenna@casneredwards.com

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the *pro se* defendant by email and by first class mail, postage pre-paid on October 20, 2006.

/s/ Donna Brewer MacKenna

395989/6134.22