UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| | ) | |
| CHARLES BRETT, BUILDING | ) | C.A. No. 05-11542 RGS |
| INSPECTOR OF TOWN OF HAMILTON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| IRINA V. TEMKINA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### AFFIDAVIT OF DONNA BREWER MacKENNA

1.      I am the attorney for plaintiff Charles Brett, Building Inspector of the

Town of Hamilton and a member of the bar of this court.

2.      Exhibit A is the Subpoena Duces Tecum with Return of Service served by

hand on Elliott Tiomkin on June 28, 2006.

3.      Exhibit B is a true and correct copy of an emailed letter I received from

Mr. Tiomkin on June 28, 2006.

4.      Exhibit C is a true and correct copy of an email I sent to Mr. Tiomkin on

June 28, 2006.

5.      Exhibit D is a true and correct copy of an email I received from Mr.

Tiomkin on Friday, June 30, 2006 and my emailed response to him of the same date.

6.      Exhibit E is a true and correct copy of an emailed letter from Mr. Tiomkin

dated July 7, 2006, but not sent to me until Sunday July 9, 2006.

7.      Exhibit F is a true and correct copy of an emailed letter I sent to Mr.

Tiomkin on Monday, July 10, 2006.

8.      Exhibit G is a true and correct copy of an emailed letter I received from Mr. Tiomkin on July 12, 2006.

9.      Exhibit H is a true and correct copy of an emailed letter I sent to Mr. Tiomkin on July 13, 2006.

10.     Exhibit I is a true and correct copy of an emailed letter I received from Mr. Tiomkin on the evening of Sunday, August 20, 2006.

11.     Exhibit J is a true and correct copy of an invoice for the charge for late cancellation of a court reporter to take the deposition of Mr. Tiomkin on August 21, 2006.

SIGNED UNDER PENALTIES OF PERJURY THIS 20TH DAY OF OCTOBER, 2006.

/s/ Donna Brewer MacKenna
DONNA BREWER MacKENNA

6134.22/396026

2

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CHARLES BRETT, BUILDING INSPECTOR OF TOWN OF HAMILTON, ) ) ) ) | |
| Plaintiff, ) ) | C.A. No. 05-11542 RGS |
| v. ) ) | |
| IRINA V. TEMKINA, ) ) | |
| Defendant. ) ) | |

## SUBPOENA DUCES TECUM
### Fed. R. Civ. P. 30 and 45

**GREETINGS: Elliot Tiomkin**

YOU ARE HEREBY COMMANDED in the name of the Commonwealth of

Massachusetts in accordance with the provisions of Fed. R. Civ. P. 45 to appear and

testify on behalf of Charles Brett before a Notary Public of the Commonwealth at the

offices of Casner & Edwards, LLP, 303 Congress Street, Boston, Massachusetts, on

Friday, June 30, 2006 at 10:00 a.m., to give evidence of what you know at the taking of

the deposition in the above-entitled action.

6134.22/380875.1

HEREOF FAIL NOT, as failure by any person without adequate cause to obey a

subpoena served upon it may be deemed to be a contempt of the court in which the action

is pending.

DATED AT _____*Boston*_____, MASSACHUSETTS ON THE _28th_

DAY OF JUNE, 2006.


_Donna B. MacKenna_
Attorney for Charles Brett
Donna B. MacKenna, BBO # 545254
CASNER & EDWARDS, LLP
303 Congress Street
Boston, MA  02210
(617) 426-5900

_Patricia A Donovan_
Notary Public
My commission expires: _6-18-12_

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES BRETT,<br>BUILDING INSPECTOR OF TOWN OF<br>HAMILTON,<br><br>Plaintiff,<br><br>v.<br><br>IRINA V. TEMKINA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)     C.A. No. 05-11542 RGS<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF TAKING DEPOSITION

To:     Irina V. Temkina
        125 Neck Road
        Old Lyme, CT  06371

Please take notice that on Friday, June 30, 2006, at 10:00 a.m. at the offices of Casner & Edwards, LLP, 303 Congress Street, Boston, Massachusetts, the plaintiff Charles Brett in the above-entitled action, by his attorney, will take the deposition upon oral examination of Elliot Tiomkin pursuant to the applicable provisions of the Federal Rules of Civil Procedure, before a Notary Public in and for the Commonwealth of Massachusetts, or before some other officer authorized by law to administer oaths. The examination will continue from day to day until completed.

You are invited to attend and cross-examine.

Dated: June 28, 2006

Respectfully Submitted,
CHARLES BRETT,

By: _Donna B. MacKenna_
Donna B. MacKenna, B.B.O. No. 545254
CASNER & EDWARDS, LLP
303 Congress Street
Boston, MA  02210
(617) 426-5900

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon all counsel of record by first class mail, postage pre-paid on June 28, 2006.

_Donna B. MacKenna_

6134.22/380875.1

---

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
| **6/28/2006** (SERVED) | **303 Congress Street, BOSTON, Massachusetts** |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------|-------|
| **Elliot Tiomkin** | **In Hand along with $73.00 witness fee** |

| SERVED BY (PRINT NAME) | TITLE |
|------|-------|
| **Burton Malkofsky** | **Constable** |

---

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  **6/28/2006**
             DATE

SIGNATURE OF SERVER    *Burton Malkofsky* (signature)
**Burton Malkofsky**

ADDRESS OF SERVER
**11 Marrett Road,  Burlington, MA 01803**

---

RULE 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden of expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fees.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that,m subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT B

## MacKenna, Donna B.

**From:**     Elliott N Tiomkin [elliott.tiomkin@huskymail.uconn.edu]
**Sent:**      Wednesday, June 28, 2006 4:41 PM
**To:**        MacKenna, Donna B.
**Subject:** Deposition

Please see the attached letter.

Elliott N. Tiomkin
Criminal Trial Clinic
University of Connecticut School of Law
65 Elizabeth Street
Hartford, CT 06105
(860) 597-3020 telephone
elliott.tiomkin@uconn.edu electronic mail

This message and its attachments are sent from a law firm and may contain information that is
confidential and protected by privilege from disclosure. If you are not the intended recipient, you are
prohibited from printing, copying, forwarding or saving them. Please delete the message and
attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

ELLIOTT N. TIOMKIN
5 NEWTON ROAD
GLOUCESTER, MA 01930
(860) 597-3020 telephone
tiomkine@uconn.edu electronic mail

June 28, 2006

VIA ELECTRONIC MAIL
Donna Brewer MacKenna
Casner & Edwards LLP
303 Congress Street
Boston, MA 02210

Dear Ms. MacKenna:

I am in receipt of your subpoena, requesting my attendance at a deposition on the day after tomorrow. Unfortunately, due to a California Bar requirement, I have an obligation from 9:00 AM to 3:00 PM on June 30. Consequently, I am unable to attend the deposition on that date.

I will be in-state and free to appear on an alternative date. Please advise me of another date that is convenient for you.

Very truly yours,

Elliott N. Tiomkin

# EXHIBIT C

## MacKenna, Donna B.

**From:** MacKenna, Donna B.
**Sent:** Wednesday, June 28, 2006 5:30 PM
**To:** 'Elliott N Tiomkin'
**Subject:** RE: Deposition

I am in receipt of your letter.  Please let me know what dates in the next two weeks you will be available.

Donna Brewer MacKenna

-----Original Message-----
**From:** Elliott N Tiomkin [mailto:elliott.tiomkin@huskymail.uconn.edu]
**Sent:** Wednesday, June 28, 2006 4:41 PM
**To:** MacKenna, Donna B.
**Subject:** Deposition

Please see the attached letter.

Elliott N. Tiomkin
Criminal Trial Clinic
University of Connecticut School of Law
65 Elizabeth Street
Hartford, CT 06105
(860) 597-3020 telephone
elliott.tiomkin@uconn.edu electronic mail

This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

# EXHIBIT D

**MacKenna, Donna B.**

| | |
|---|---|
| **From:** | MacKenna, Donna B. |
| **Sent:** | Friday, June 30, 2006 12:25 PM |
| **To:** | 'Elliott N Tiomkin' |
| **Subject:** | RE: RE: Deposition |

My office is closed on July 3rd.  Please let me know of other dates of availability after July 4th.

        Donna Brewer MacKenna

-----Original Message-----
From: Elliott N Tiomkin [mailto:elliott.tiomkin@huskymail.uconn.edu]
Sent: Friday, June 30, 2006 12:18 PM
To: MacKenna, Donna B.
Subject: Re: RE: Deposition


Dear Ms. MacKenna:

I would be available on July 3.

Very truly yours,

Elliott N. Tiomkin
Criminal Trial Clinic
University of Connecticut School of Law
65 Elizabeth Street
Hartford, CT 06105
(860) 597-3020 telephone
elliott.tiomkin@uconn.edu electronic mail

This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

----- Original Message -----
From: "MacKenna, Donna B." <mackenna@casneredwards.com>
Date: Wednesday, June 28, 2006 5:29 pm
Subject: RE: Deposition

> I am in receipt of your letter.  Please let me know what dates in the
> next two weeks you will be available.
>
>       Donna Brewer MacKenna

# EXHIBIT E

## MacKenna, Donna B.

**From:**    Elliott N Tiomkin [elliott.tiomkin@huskymail.uconn.edu]
**Sent:**    Sunday, July 09, 2006 2:31 PM
**To:**      MacKenna, Donna B.
**Subject:** Re: Deposition

Please see attached letter.

Very truly yours,

Elliott N. Tiomkin
Criminal Trial Clinic
University of Connecticut School of Law
65 Elizabeth Street
Hartford, CT 06105
(860) 597-3020 telephone
elliott.tiomkin@uconn.edu electronic mail

This message and its attachments are sent from a law firm and may contain information that is
confidential and protected by privilege from disclosure. If you are not the intended recipient, you are
prohibited from printing, copying, forwarding or saving them. Please delete the message and
attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

ELLIOTT N. TIOMKIN
5 NEWTON ROAD
GLOUCESTER, MA 01930
(860) 597-3020 telephone
tiomkine@uconn.edu electronic mail

July 7, 2006

VIA ELECTRONIC MAIL
Donna Brewer MacKenna
Casner & Edwards LLP
303 Congress Street
Boston, MA 02210

Dear Ms. MacKenna:

This letter is in response to your communication of June 30, 2006 in which you state that July 3 is not an acceptable date for my deposition. Due to the California Bar Examination, I will be out-of-state and unavailable through August 1. I am available to appear on alternative dates after August 1, upon reasonable notice.

If you wish me to appear, kindly serve me with a valid notice and a subpoena specifying the precise date of the deposition and allowing a "reasonable time for compliance." *See* Fed. R. Civ. Proc. Rule 30, 45. By any measure, barring an exigency, the 36 hours notice you gave me on June 28 is not reasonable.

Additionally, according to the Court's Discovery Order of March 3, 2006, discovery closed on June 30 with respect to non-expert depositions. No extension has been allowed by the Court. You may not invoke the authority of the Court pursuant to Rule 45 in violation of the Court's Discovery Order, and, similarly, any compliance with your subpoena on my part would violate a court order. *See, e.g., Odie v. General Motors Corporation*, 133 F.R.D. 1 (D.Mass. 1990)(upholding sanctions against the plaintiff where he had violated the Court's scheduling order by attempting to conduct depositions after close of discovery when request for leave to do so had been filed but not yet acted upon); *see also Rice v. United States*, 164 F.R.D. 556 (N.D.Okla. 1995)(a party may not utilize Rule 45 subpoenas to seek third party discovery after discovery cutoff). If you have good cause to request that the Rule 16 order be modified, you may make your argument to the Court. *See Berwind Property Group Inc. v. Environmental Management Group, Inc.*, 233 F.R.D. 62 (D. Mass. 2005)(more stringent good cause standard of pretrial conference rule, not the "freely given" standard of rule generally governing complaint amendments, governs motions to amend after a scheduling order is in place).

Should you have any questions, please do not hesitate to contact me.

Very truly yours,
/s/
Elliott N. Tiomkin

# EXHIBIT F

## MacKenna, Donna B.

| | |
|---|---|
| **From:** | MacKenna, Donna B. |
| **Sent:** | Monday, July 10, 2006 4:48 PM |
| **To:** | 'elliott.tiomkin@huskymail.uconn.edu' |
| **Subject:** | FW: Hamilton v. Temkina |

I first tried to send this to your email address on your letterhead.  Apparently that email address is not correct.  I am trying to resend this letter to the return address on the email you sent to me.  Please see the attached letter.

-----Original Message-----
| | |
|---|---|
| **From:** | MacKenna, Donna B. |
| **Sent:** | Monday, July 10, 2006 4:46 PM |
| **To:** | 'tiomkine@uconn.edu' |
| **Cc:** | 'Irina Temkina' |
| **Subject:** | Hamilton v. Temkina |



7.10.06 eltt
Tiomkin.pdf (94 K...

Please see the attached letter.

1

# CASNER & EDWARDS, LLP

### ATTORNEYS AT LAW

303 Congress Street
Boston, Massachusetts 02210

Telephone (617) 426-5900
Facsimile (617) 426-8810
www.casneredwards.com

July 10, 2006

Email *tiomkine@uconn.edu* and First Class Mail

Elliott N. Tiomkin
5 Newton Road
Gloucester, MA 01930

      Re:    *Charles Breit, Building Inspector of the Town of Hamilton v.*
            *Irina V. Temkina, et al.*
            United States District Court Civil Action No. 05-11542 RGS

Dear Mr. Tiomkin:

      This is in response to your letter dated July 7th, but emailed to me the afternoon of Sunday, July 9th. The subpoena served upon you is valid and reasonable. You remain under its compulsive restraint. The only reason we did not go forward on the date noticed is that you requested a postponement and I agreed. Your attempt to reschedule it for Monday, July 3rd, a request that was forwarded to me the afternoon of Friday, June 30th, was not possible since, as I informed you, my office was closed that day for the July 4th holiday.

      When you requested the postponement and again when I responded to your June 30th email, I requested alternate dates for your deposition during the first two weeks of July. You failed to comply. I still have no specific alternate dates from you. I have checked online and discovered that the California bar examination will conclude on Thursday July 27th. Therefore, I hereby request that you appear at my office for deposition on July 28th or 31st or August 1st or 2nd.

      Should you continue to be uncooperative, please be advised that I will request sanctions from the court barring you from testifying at trial.

                        Very truly yours,

                        */s/ Donna Brewer MacKenna*

                        Donna Brewer MacKenna

DBM:mpb

cc: Irina V. Temkina (via email and First Class Mail)

6134.22/387874.1

# EXHIBIT G

6134.22

## MacKenna, Donna B.

**From:**   Elliott N Tiomkin [elliott.tiomkin@huskymail.uconn.edu]
**Sent:**   Wednesday, July 12, 2006 1:24 PM
**To:**     MacKenna, Donna B.
**Subject:** Deposition

Please see attached.

ELLIOTT N. TIOMKIN
5 NEWTON ROAD
GLOUCESTER, MA 01930
(860) 597-3020 telephone
elliott.tiomkin@uconn.edu electronic mail

July 12, 2006

VIA ELECTRONIC MAIL
Donna Brewer MacKenna
Casner & Edwards LLP
303 Congress Street
Boston, MA 02210

Dear Ms. MacKenna:

I am trying to be neither difficult nor uncooperative. I am flying back from California on August 2. I would be delighted to attend the deposition on August 3. However, I will not knowingly violate a court order. As I have previously indicated, in the absence of a judicial modification of the discovery order, my attendance would be just such a violation. Nor do you possess the power to invoke the court's authority under Rule 45 in violation of a standing discovery order. *See Odie v. General Motors Corporation*, 133 F.R.D. 1 (D.Mass. 1990).

Your notice of deposition and the accompanying subpoena were served on the afternoon of June 28, compelling attendance a mere thirty six hours later. The notice and the subpoena were not valid, regardless of whether or not I advised you that I could not attend on thirty six hours notice. I did not request an extension which caused you to violate a discovery deadline. With my June 28 electronic mail to you, I merely confirmed the obvious: that the notice and the subpoena were facially invalid. The case law in this and other jurisdictions is clear: no reasonable person could be made to attend on such short notice, at least in the absence of an extraordinary exigent circumstance.

It is none of my concern that, for whatever reason, you decided to depose me thirty six hours before the discovery cutoff. Simply put, the deposition could only have been "**completed** by June 30" [emphasis supplied] in accordance with the Court's March 3 Order if the thirty six hours notice provided a "reasonable time for compliance" in accordance with the provisions of Rules 30 and 45. The notice and subpoena did not provide such a reasonable time.

As I have stated, if you have good cause to extend the discovery deadline, you should make an application to the court to modify the discovery order *post hoc*. Should such a motion be granted, I will gladly attend on August 3.

Very truly yours,
/s/
Elliott N. Tiomkin

# EXHIBIT H

## MacKenna, Donna B.

**From:** MacKenna, Donna B.
**Sent:** Thursday, July 13, 2006 4:17 PM
**To:** 'elliott.tiomkin@uconn.edu'
**Cc:** 'Irina Temkina'
**Subject:** Brett v. Temkina



eltt tiomkin
7.13.06.pdf (94 K...

Please see the attached.

1



CASNER & EDWARDS, LLP

ATTORNEYS AT LAW

303 Congress Street
Boston, Massachusetts 02210

Telephone (617) 426-5900
Facsimile (617) 426-8810
www.casneredwards.com

July 13, 2006

Email *elliott.tiomkin@uconn.edu* and First Class Mail

Elliott N. Tiomkin
5 Newton Road
Gloucester, MA 01930

Re:  *Charles Brett, Building Inspector of the Town of Hamilton v.
Irina V. Temkina, et al.*
United States District Court Civil Action No. 05-11542 RGS

Dear Mr. Tiomkin:

This is in response to your letter dated July 12[th.] As I explained in my last letter, it is not necessary for me to file any motion with regard to your deposition. While I do not like waiting until August to take your deposition, I will accept your representation that you are not available and accommodate your schedule by not compelling your attendance before then. I am not available to take your deposition between August 3rd and August 18th. I will expect you to appear for deposition on Monday, August 21st at my office at 10:00 a.m.

Very truly yours,

*/s/ Donna Brewer MacKenna*

Donna Brewer MacKenna

DBM:mpb

cc: Irina V. Temkina (via email and First Class Mail)

6134.22/387874.1

# EXHIBIT I

## MacKenna, Donna B.

| | |
|---|---|
| **From:** | Elliott N Tiomkin [elliott.tiomkin@huskymail.uconn.edu] |
| **Sent:** | Sunday, August 20, 2006 6:18 PM |
| **To:** | MacKenna, Donna B. |
| **Subject:** | Deposition |

Please see attached.

ELLIOTT N. TIOMKIN
4260 TERMAN DRIVE, APT. 20
PALO ALTO, CA 94306
(860) 597-3020 telephone
elliott.tiomkin@uconn.edu

August 20, 2006

VIA ELECTRONIC MAIL
Donna Brewer MacKenna
Casner & Edwards LLP
303 Congress Street
Boston, MA 02210

Dear Ms. MacKenna:

As I have stated in my communications of July 7 and July 12, 2006, I will not knowingly violate a court order.[1]

If you wish me to attend your deposition, you should make an application to the court to modify the discovery order *post hoc*, if you have good cause to extend the discovery deadline.

---

[1] As I've stated in my earlier communications, according to the Court's Discovery Order of March 3, 2006, discovery closed on June 30 with respect to non-expert depositions. No extension has been allowed by the Court. You may not invoke the authority of the Court pursuant to Rule 45 in violation of the Court's Discovery Order, and, similarly, any compliance with your subpoena on my part would violate a court order. *See, e.g., Odie v. General Motors Corporation*, 133 F.R.D. 1 (D.Mass. 1990)(upholding sanctions against the plaintiff where he had violated the Court's scheduling order by attempting to conduct depositions after close of discovery when request for leave to do so had been filed but not yet acted upon); *see also Rice v. United States*, 164 F.R.D. 556 (N.D.Okla. 1995)(a party may not utilize Rule 45 subpoenas to seek third party discovery after discovery cutoff). If you have good cause to request that the Rule 16 order be modified, you may make your argument to the Court. *See Berwind Property Group Inc. v. Environmental Management Group, Inc.*, 233 F.R.D. 62 (D. Mass. 2005)(more stringent good cause standard of pretrial conference rule, not the "freely given" standard of rule generally governing complaint amendments, governs motions to amend after a scheduling order is in place).

Your notice of deposition and the accompanying subpoena were served on the afternoon of June 28, 2006 compelling attendance a mere thirty six hours later. The notice and the subpoena were not valid, regardless of whether or not I advised you that I could not attend on thirty six hours notice. I did not request an extension which caused you to violate a discovery deadline. With my June 28 electronic mail to you, I merely confirmed the obvious: that the notice and the subpoena were facially invalid. The case law in this and other jurisdictions is clear: no reasonable person could be made to attend on such short notice, at least in the absence of an extraordinary exigent circumstance.

It is none of my concern that, for whatever reason, you decided to depose me thirty six hours before the discovery cutoff. Simply put, the deposition could only have been **completed** by June 30" [emphasis supplied] in accordance with the Court's March 3 Order if the thirty six hours notice provided a "reasonable time for compliance" in accordance with the provisions of Rules 30 and 45. The notice and subpoena did not provide such a reasonable time.

If and when you have obtained such an order, kindly serve me with a valid notice of deposition and a subpoena specifying the precise date of the deposition and allowing a "reasonable time for compliance." *See* Fed. R. Civ. Proc. Rule 30, 45. Such service should be made upon me at my residential address, 4260 Terman Drive, Apt. 20 Palo Alto, CA 94306 and be accompanied by the appropriate witness fees.

Should you have any questions, please do not hesitate to contact me.

Very truly yours,

/s/

Elliott N. Tiomkin

# EXHIBIT J

 **LEGALINK**
A MERRILL COMPANY
101 Arch St, 3rd Floor    tel (617) 542-0039
Boston, MA 02110     tel (800) 822-3376
                fax (617) 542-2119

# I N V O I C E

| INVOICE NO. | INVOICE DATE | JOB NUMBER |
|---|---|---|
| 12024259 | 08/21/2006 | 1201-70093 |
| **JOB DATE** | **REPORTER(S)** | **CASE NUMBER** |
| 08/21/2006 | GROGRO | |
| **CASE CAPTION** | | |
| Brett v. Temkina | | |
| | **TERMS** | |
| Payment due upon receipt | | |

Donna B. MacKenna, Esq.
Casner & Edwards, LLP
303 Congress Street
Boston, MA 02210

---

Scheduled Deposition of: Elliot Tiompkin

Cancellation - On-Site                                  200.00

                                  **TOTAL DUE >>>>**      200.00

**Reporter's Jurat (Pursuant to Massachusetts Executive Order 455 (03-13), preparation, issuance and recording of notarized and certified document)
LegaLink Boston now has a new payment address. Please send your payments to:
LegaLink Boston
PO Box 3739
Boston, MA 02241-3739

TAX ID NO.: 20-2665382                                  (617) 426-5900

*Please detach bottom portion and return with payment.*

Donna B. MacKenna, Esq.
Casner & Edwards, LLP
303 Congress Street
Boston, MA 02210

                               Invoice No.:   12024259
                               Date       :   08/21/2006
                               **TOTAL DUE**   :     200.00

                               Job No.     :   1201-70093
                               Case No.    :
                               Brett v. Temkina

Remit To:    **LegaLink, Inc., A Merrill Company**
              **PO Box 3739**
              **Boston, MA 02241-3739**