UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2006 OCT 30  P 2: 44
U.S. DISTRICT COURT
DISTRICT OF MASS

|  |  |
|---|---|
| CHARLES BRETT, BUILDING INSPECTOR OF TOWN OF HAMILTON, ) ) ) | |
| Plaintiff, ) | |
| v. ) | No. CV-05-11542-RGS |
| IRINA V. TEMKINA, ) | |
| Defendant. ) | |

## DEFENDANT'S SUPPLEMENTAL MOTION FOR EXTENSION OF TIME

Defendant, Irina V. Temkina, moves this Honorable Court for an extension of time to file a cross-motion for summary judgment and an opposition to Plaintiff's Motion for Summary Judgment to December 20, 2006 in order to obtain a full written transcript of the February 28, 2006 hearing before the Massachusetts Building Code Appeals Board ["Board"].[1]

In support of her motion, the defendant avers as follows:

1. The plaintiff's motion for partial summary judgment is based solely on the determination of the Board of April 6, 2006. That determination followed the defendant's timely request that the Board interpret two portions of the plaintiff's September 15, 2005 Order to Correct and a February 28, 2006 hearing before the Board.

2. The plaintiff, in his motion for partial summary judgment, avers that "[t]here is no need for a second evidentiary hearing when an agency acts in a judicial capacity to resolve factual disputes and when both parties have had full and fair opportunity to argue

---

[1] The plaintiff did not attach a transcript of the February 28, 2006 Board hearing to her motion for partial summary judgment.

their versions of the facts..." Plaintiff's Memorandum in Support of his Motion for Partial Summary Judgment ["Memorandum"] at 4.

3. The Board made no determination of liability on the part of the defendant, did not find that the defendant violated any building code or zoning by-law during any period of time, or assessed any punitive measures against the defendant, but merely clarified the building inspector's order and ordered the defendant to make certain corrections within thirty days. In accordance with the Board's interpretation and in a timely manner, the defendant made those corrections.

4. However, the plaintiff argues that the Board's interpretation creates "liability in the air" on the part of the defendant. Although he argues that the principle of *res judicata* obviates the need for "a second evidentiary hearing," the plaintiff then proceeds to request a hearing to determine the nature of the violations and "the number of days that the violations occurred." Memorandum at 4, 6.

5. <u>In order to oppose the plaintiff's *res judicata* claim, the defendant seeks to obtain a transcript of the February 28, 2006 Board hearing</u>. The defendant expects to establish (a) that the Board adjudicated no "liability in the air" on the part of the defendant, but merely, at the defendant's request, interpreted and clarified two portions of the plaintiff's September 15, 2006 order, gave the defendant an opportunity to comply, and the defendant so complied; and (b) that since the Board's role was limited to the interpretation of the State Building Code, the procedural aspects of the Board's hearing were limited: *inter alia*, the Board lacked the authority to engage in an independent factual inquiry, limited the parties' opportunity to present evidence, and denied them the opportunity for cross-examination.

## LOCAL RULE 7.1 CERTIFICATION

  Defendant certifies that she contacted Donna Brewer MacKenna, counsel for the plaintiff, via electronic mail, in an attempt to resolve or narrow the issues presented by said motion.

        /s/
       _____
       Irina V. Temkina